595 P.2d 665
**The STATE of Arizona, Appellee,**

v.

**Charles NEWMAN, Appellant.**

No. 4518.

Supreme Court of Arizona,
In Banc.

May 10, 1979.

434

John A. LaSota, Jr., Former Atty. Gen., Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Barbara A. Jarrett, Asst. Attys. Gen., Phoenix, for appellee.

Martin & Feldhacker by William H. Feldhacker, Phoenix, for appellant.

CAMERON, Chief Justice.

The defendant, Charles Newman, was tried by a jury and convicted of rape, A.R.S. §§ 13–611 and 614; burglary, §§ 13–301 and 302; and attempted burglary, §§ 13–301 and 302.* He was adjudged guilty and sentenced to not less than 7 nor more than 22½ years for the rape; not less than 5 nor more than 7½ years for the burglary; and not less than 4 years, 9 months nor more than 5 years for the attempted burglary. From the convictions, judgments and sentences, defendant appeals.

We must answer the following questions on appeal:

1. Should Counts I and II have been severed from Count III at trial?
2. Did the prosecutor make improper comments at trial regarding the defendant's silence?
3. Did the trial court err in adjudging defendant guilty and sentencing defendant for burglary, rape, and attempted burglary in the first degree when the jury was not instructed on specific degrees of the crimes and did not specify any degrees in the verdicts?

The facts necessary for a determination of this matter on appeal are as follows. As to Counts I and II, in the early morning

---

* Title 13 citations in this opinion are to the Arizona Criminal Code as it existed prior to its extensive revision effective 1 October 1978.

hours of 17 July 1976, the defendant, Charles Newman, entered an apartment and raped a woman of approximately 20 years of age. The victim testified that on the night of 16 July 1976, at approximately 11:00 p. m., she locked her apartment doors, shut her bedroom door, and went to bed. At approximately 2:00 a. m., she awoke and saw a figure crouched on all fours beside her bed. The figure, a man later identified as the defendant, then leaped upon the bed. After warning her twice to keep quiet so as not to be hurt, he raped her. He then left the bedroom and ran out of the back door.

The victim stated that she could see her assailant by the light from the apartment complex's outside lighting. She described him to the police as being a black man wearing only pants, with no shirt, shoes, or socks. She further stated that he had something clenched in his right hand, possibly a box cutter. The victim identified the defendant first from a photo line-up and later in court. In addition, a latent fingerprint, later identified as defendant's, was found on the victim's bedroom window screen.

The evidence regarding Count III, attempted burglary, indicated that on the night of 29 August 1976, the defendant had been arrested outside the apartment of another woman who lived in the apartment next to the victim of the rape. This second woman testified that on the night of defendant's arrest she had noticed a man at her window at approximately midnight. He left and she called the police but they could not find anybody at that time. Later that night, however, when a man again appeared at the window, the police were called once more. When they arrived, they found the defendant in the bushes in front of the apartment. He was wearing only pants without shirt or shoes. The shoes and a shirt were found nearby. A pocketknife with green scrapings on one blade was in his possession. Green paint was found to have been scraped away from the window of the apartment.

Counts I, II and III were consolidated for trial over defendant's objections.

## SEVERANCE OF THE COUNTS

Defendant first argues that Counts I and II, rape and burglary of the first victim, should have been severed from Count III, attempted burglary of the second victim. Defendant contends that under Rule 13.4(b), Rules of Criminal Procedure, 17 A.R.S., severance of the counts is required upon the request of the defendant.

Rule 13.4 states:

"a. In General. Whenever 2 or more offenses or 2 or more defendants have been joined for trial, and severance of any or all offenses, or of any or all defendants, or both, is "necessary to promote a fair determination of the guilt or innocence of any defendant of any offense, the court may on its own initiative, and shall on motion of a party, order such severance.

"b. As of Right. The defendant shall be entitled as of right to sever offenses joined only by virtue of Rule 13.3(a)(1)."

Rule 13.3(a), Rules of Criminal Procedure, 17 A.R.S., sets forth the requirements for joinder of offenses:

"a. Offenses. Provided that each is stated in a separate count, 2 or more offenses may be joined in an indictment, information, or complaint, if they:

(1) Are of the same or similar character; or

(2) Are based on the same conduct or are otherwise connected together in their commission; or

(3) Are alleged to have been a part of a common scheme or plan."

The rules for joinder and severance must be read together. *State v. Henderson*, 116 Ariz. 310, 569 P.2d 252 (App.1977). In the instant case, the counts should have been severed upon defendant's request under Rule 13.4(b) only if they had been joined because they were of the same or similar character. Rule 13.3(a)(1), supra. If, however, they were joined under Rule 13.3(a)(2) (same conduct) or 13.3(a)(3) (common scheme), then the court did not abuse its discretion in denying defendant's motion for severance.

We believe the trial court was correct. There are striking similarities between the burglary and rape, Counts I and II, and the attempted burglary, Count III, which show a common scheme or plan. The suspect in both instances was wearing only pants with no shirt or shoes. A weapon resembling a knife was described by the rape and burglary victim, and the arrested suspect had a pocketknife. A latent print was found on the rape and burglary victim's bedroom window screen, and the arrested suspect apparently had been using his knife on the apartment window in the attempted burglary. The apartment of the first victim was next to the apartment of the second victim.

The location of the victims' apartments next to each other, the time of day, the fact that the defendant removed all of his clothes except his pants, and his presence at the bedroom window of both victims shows that the two incidents were connected together by similar and related conduct on the part of the defendant. We believe the trial court had sufficient evidence from which it could find a common scheme or plan. *State v. Kelly*, 111 Ariz. 181, 526 P.2d 720 (1974), cert. den. 420 U.S. 935, 95 S.Ct. 1143, 43 L.Ed.2d 411; *State v. Thomas*, 110 Ariz. 106, 515 P.2d 851 (1973); *State v. Fierro*, 107 Ariz. 479, 489 P.2d 713 (1971). We find no error.

## THE PROSECUTOR'S COMMENTS

Defendant next contends that the prosecution improperly called attention to his silence at trial and to his failure to present certain evidence on his own behalf. Defendant's argument is twofold: (1) that the prosecution's comments were error because they implied to the jury that the defendant had a burden to present evidence on his behalf and so prove himself innocent, and (2) that although there were no objections to the prosecutor's comments to the jury, the defendant may raise this issue on appeal because any comment upon a defendant's silence is fundamental error. The comments in question are:

"The defendant has been silent because again the defendant is presumed innocent until proven guilty."

And:

"He [the defendant] hasn't worn them [his eye glasses] for the last few days and you will notice he kept his mouth shut for the majority of the case."

The prosecution's remark that defendant had "kept his mouth shut" was made with regard to defendant's shutting his mouth to cover his gold tooth.

We do not believe that the comments by the prosecutor shifted the burden of proof to the defendant. They were merely comments on the failure of the defendant to rebut the evidence against him. A prosecutor is entitled to draw attention to the failure of the defendant to present evidence when he testifies. *State v. Pierson*, 102 Ariz. 90, 425 P.2d 115 (1967); *State v. Crank*, 13 Ariz.App. 587, 480 P.2d 8 (1971). The defendant did testify in the instant case so there was no comment upon his failure to testify. We find no error.

However, even if the remarks were error, we would still not reverse on appeal as the remarks were not objected to at the time they were made. Absent fundamental error, defendant cannot urge error on appeal where he failed to object at trial. *State v. Byrd*, 109 Ariz. 10, 503 P.2d 958 (1972). Defendant relies on *State v. Shing*, 109 Ariz. 361, 509 P.2d 698 (1973), for support of his position regarding fundamental error. *Shing*, however, is a case where the defendant did not testify at trial. A defendant is protected from having his right to remain silent be used against him at trial and a violation of such right can be fundamental error. In the instant case, however, the defendant did testify at the trial and the protection does not extend to the situation where a defendant takes the stand and testifies in his own behalf. *State v. Marsin*, 82 Ariz. 1, 307 P.2d 607 (1957).

## DEGREES OF THE OFFENSES

At trial there never was any question that the rape, if committed, was in the first

degree, A.R.S. § 13–611(A), and that the burglary and attempted burglary, if committed, were committed in the nighttime and therefore were first degree as well. A.R.S. § 13–302. Nevertheless defendant contends that the judgments and sentences were improper because the jury made no specific finding in its verdict of the degrees of the crimes for which defendant was found guilty and there were no instructions on the degrees of the offenses. It is defendant's position that, regardless of the evidence, where a jury finds a defendant guilty but specifies no degree of the offense, the defendant can be found guilty only of the lower degree provided. In the instant case, the lowest degrees provided are second degree burglary and second degree rape. A.R.S. § 13–302; § 13–611(B).

▪ We believe that the defendant's arguments must fail for two reasons. First, the defendant made no objection to the instructions given in this regard and no instructions were requested by him regarding degrees of the offenses for which he was charged. He therefore has waived such error or omission in the instructions. *State v. Long*, 119 Ariz. 327, 580 P.2d 1181 (1978). Second, our statute states:

"When it appears that a defendant has committed a crime or public offense, and there is reasonable ground of doubt in which of two or more degrees he is guilty, he may be convicted of the lowest of such degrees only." A.R.S. § 13–162(B).

And we have stated:

"We believe that where there is doubt as to the degree of the offense of which the defendant was found guilty, the defendant should be deemed convicted of the lesser degree. A criminal defendant is always entitled to any reasonable doubt in his favor * * *." *State v. Gonzales*, 105 Ariz. 434, 436, 466 P.2d 388, 390 (1970).

▪ From the above language, it is only where there is "reasonable ground of doubt" that a defendant must be convicted of the lowest degree of a crime. In the instant case, there is no dispute that the facts, if they establish the crimes charged, show that the degrees are in the first degree. There was no evidence presented to the jury which even suggested that the burglary or attempted burglary took place during the daylight hours. The undisputed evidence also shows that if there was a rape it was rape in the first degree. Again, there was no "reasonable ground of doubt." There was, then, no error in failing to instruct the jury as to degrees of the crimes, or in the judgments and sentences for first degree rape, burglary, and attempted burglary. Anything in *State v. Robinson*, 6 Ariz.App. 419, 433 P.2d 70 (1967) to the contrary is overruled.

Affirmed.

STRUCKMEYER, V. C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.