708 P.2d 81
**STATE of Arizona, Appellee,**

v.

**Donald James LUCAS, Appellant.**

**No. 6175.**

Supreme Court of Arizona,
In Banc.

Oct. 8, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Diane D. Hienton, Asst. Attys. Gen., Phoenix, for appellee.

George M. Sterling, Jr., John Antieau, J. Douglas McVay, Phoenix, for appellant.

CAMERON, Justice.

Defendant, Donald James Lucas, was convicted by a jury of two counts of kidnapping, A.R.S. § 13–1304; three counts of sexual assault, A.R.S. § 13–1406; and one count of aggravated assault, A.R.S. § 13–1204. Each offense was of a dangerous nature and committed while defendant was on release from confinement for prior felonies. A.R.S. § 13–604.01. Defendant was sentenced to serve a term of life imprisonment for each offense. *Id.* Three of the offenses related to one victim, and three related to another. The concurrent sentences for the offenses against the second victim were to run consecutively to those relating to the first victim. A.R.S. § 13–708.

In addition to his appeal to this court, defendant sought post-conviction relief, pursuant to Rule 32, Arizona Rules of Criminal Procedure, 17 A.R.S., *in propria persona.* Defendant also moved *in pro-*

*pria persona* to expand the record, requesting that he be allowed to file a supplemental brief as well as other pleadings and exhibits. We granted these motions. We have consolidated all these matters and considered defendant's contentions, as well as those of his attorney, in this opinion. We have jurisdiction pursuant to art. 6 § 5(3) of the Arizona Constitution and A.R.S. §§ 13–4031 and –4035.

We must answer the following questions:
1. Did the trial court improperly refuse to sever counts relating to the first victim from those relating to the second?
2. Did the trial court improperly refuse to grant a directed verdict pursuant to Rule 20, Arizona Rules of Criminal Procedure, 17 A.R.S.?
3. Did the trial judge improperly instruct the jury by:
   a. failing to give a justification instruction?
   b. failing to instruct the jury *sua sponte* on unlawful imprisonment as a lesser-included offense of kidnapping and sexual abuse is a lesser-included offense of sexual assault?
   c. giving an erroneous instruction on aggravated assault?
4. Did defendant receive effective assistance of counsel?
5. Did the trial court improperly deny the request for relief pursuant to Rule 32?
6. Did the police violate defendant's *Miranda* rights?

About 7:30 on the morning of 9 May 1983, defendant entered a bar in downtown Phoenix, Arizona. There he met the first victim, Jeanie B. After a drink and brief conversation, Jeanie accepted a ride from defendant to a restaurant where she could purchase breakfast. Instead, defendant drove to another downtown area bar where he and Jeanie consumed more alcohol. Defendant solicited Jeanie to commit an act of prostitution to which she did not respond. Defendant and Jeanie then drove to a Circle K store where defendant purchased beer. Upon reentering the car, defendant drove into an alley behind the Circle K. There, he started hitting Jeanie and ordered her to perform fellatio upon him as he drove. Jeanie complied after defendant displayed a knife and threatened her with it. Jeanie escaped by removing the ignition key when the car stopped at an intersection. She was later treated at a hospital for bruises, lacerations, one or possibly two broken ribs, and a punctured lung.

Immediately after this incident, defendant hitched a ride to a location on East McDowell Road. At approximately noon, he entered what he though was a bar. The establishment was, however, a club in which women danced nude and which did not serve alcohol. There the defendant met the second victim, Sue H., an employee. During defendant's stay in the club, Sue danced nude in front of him one or more times, served him lunch, and joined him in drinking soft drinks. Defendant told Sue that his car needed service and asked her to drive him to a junk yard where he could purchase an engine. Sue agreed and they departed together. Along the way, they made several stops, including one at a convenience store where defendant purchased beer. After defendant completed his business at the junk yard, he reentered Sue's car and they began to drive off. A short distance from the yard, in a desert area, defendant feigned nausea and asked Sue to stop the car. Sue testified that defendant then began to choke her, that he removed the gun she kept in the glove compartment, and that he threatened her with it. Defendant bound and gagged Sue and locked her in the trunk of her car overnight. The next day, before releasing her, he forced her to engage in various sexual acts. She was later treated for numerous bruises and lacerations and a bladder infection. From his convictions and sentences, defendant appeals.

## 1. SEVERANCE

Defendant contends that the trial court erred in failing to grant his motion to sever

the counts involving Jeanie B. from the counts involving Sue H. We do not agree.

Our rules provide in pertinent part:

*Joinder*

a. *Offenses.* Provided that each is stated in a separate count, 2 or more offenses may be joined in an indictment, information, or complaint, if they:

(1) Are of the same or similar character; or

(2) Are based on the same conduct or are otherwise connected together in their commission; or

(3) Are alleged to have been a part of a common scheme or plan.

\* \* \* \* \* \*

Rule 13.3, Ariz.R.Crim.P., 17 A.R.S.

◼ We believe that the evidence in this case satisfied each of the tests for joinder in Rule 13.3. The crimes are of the same or similar nature, and connected together in time and location. In addition, they appear to be part of a common scheme or plan. In each episode, defendant befriended a woman in a bar-type establishment and persuaded her to leave with him. Each time they stopped at a convenience store to purchase beer. Furthermore, in both instances, defendant used a weapon to coerce his victim to perform fellatio upon him in an automobile. The second incident followed immediately after the first and both occurred within a period of approximately twenty-four hours. The conduct described was so connected that at the trial of one victim's counts, the evidence of the other victim's counts would be admissible. Rule 404(b), Ariz.R.Evid., 17A A.R.S.; *State v. Cruz,* 137 Ariz. 541, 672 P.2d 470 (1983). We believe joinder was proper.

As to defendant's request for severance, our rules provide that counts that have been properly joined may still be severed.

*Severance*

a. *In General.* Whenever 2 or more offenses \* \* \* have been joined for trial, and severance of any or all offenses \* \* is necessary to promote a fair determination of the guilt or innocence of any defendant of any offense, the court may on its own initiative, and shall on motion of a party, order such severance.

\* \* \* \* \* \*

Rule 13.4, Ariz.R.Crim.P., 17 A.R.S.

◼ The decision whether to grant a motion for severance is within the sound discretion of the trial court which we will not reverse absent clear abuse. *State v. Gretzler,* 126 Ariz. 60, 73, 612 P.2d 1023, 1036 (1980), *cert. denied,* 461 U.S. 971, 103 S.Ct. 2444, 77 L.Ed.2d 1327 (1983). The test is whether the defendant has, at the time of his motion, shown that he would be prejudiced by the trial court's failure to sever. *State v. Via,* 146 Ariz. 108, 115, 704 P.2d 238, 245 (1985). A relevant consideration is that of judicial economy. *Id.*

◼ We do not believe that the trial court abused its discretion under the facts of the instant case. In *State v. Newman,* 122 Ariz. 433, 435–36, 595 P.2d 665, 667–68 (1979), we considered the question of whether rape and burglary counts relating to one victim should have been severed from an attempted burglary count related to another victim. In holding that severance was not mandated, we emphasized such common factors as the clothes worn by the defendant, the weapon used, the time of day, and the location of the incidents. *See also State v. Dale,* 113 Ariz. 212, 550 P.2d 83 (1976) (no abuse of discretion where defendant offered a ride to each victim and beat each before raping her); *State v. Williams,* 108 Ariz. 382, 499 P.2d 97 (1972) (factors to consider in determining whether severance is appropriate include closeness in time of the incidents, locations, and the criminal's behavior); *State v. Frederick,* 129 Ariz. 269, 630 P.2d 565 (App.1981) (common factors included the locations where the victims were picked up, the time of day, defendant's discussion of marijuana, threats of death, and forced fellatio). The crimes, in the instant case, bore several similarities in areas where one would expect to find differences. That they differed in some small respects is not determinative. "In order for two crimes to be classified as a common plan or scheme it

is not necessary for the crimes to have been perpetrated in an absolutely identical manner, * * *, so long as the court perceives a visual connection between the two crimes." *State v. Tipton*, 119 Ariz. 386, 388, 581 P.2d 231, 233 (1978) (citations omitted). Severance was not mandated in the instant case.

### 2. DIRECTED VERDICT

At the close of the state's evidence, defendant moved for a directed verdict of acquittal on all charges ·and, alternatively, on all allegations of dangerousness pursuant to Rule 20, Arizona Rules of Criminal Procedure, 17 A.R.S. The trial court denied this request and defendant now argues that this denial was in error. We do not agree.

#### a. Allegations of Dangerousness

In order for defendant to receive an enhanced sentence pursuant to A.R.S. § 13–604.01, the jury must find that the offense committed involved "the use or exhibition of a deadly weapon or dangerous instrument or * * * the intentional or knowing infliction of serious physical injury * * *."

■ In the instant case, evidence was sufficient to find that defendant used or exhibited a dangerous instrument as part of his sexual assaults. Jeanie testified that defendant pulled out a knife and told her he would stick it in her heart if she did not perform fellatio upon him. Sue testified that defendant grabbed her while she was driving her car, rummaged through her glove compartment and took her gun out. He then drove her car for a short distance, got out of the car and locked her in the trunk. Additionally, the next morning he took the gun out of the car and had it in his possession before he ordered her to submit to him. Sue never stated that defendant actually pointed the gun at her while ordering her to engage in certain acts. He did, however, show the gun to her just prior to the sexual assaults, thereby "exhibiting" it. Therefore, there was sufficient circumstantial evidence for the jury to find that she felt that she had to submit to avoid being shot, which would satisfy the statutory lan-

guage that defendant "used" the gun to commit the rape.

A judgment of acquittal shall be granted if there is "no substantial evidence to warrant a conviction." Rule 20, Ariz.R. Crim.P., 17 A.R.S. We have defined substantial evidence as " 'more than a scintilla and is such proof as a reasonable mind would employ to support the conclusion reached.' " *See* also, *State v. Clabourne*, 142 Ariz. 335, 345, 690 P.2d 54, 64 (1984), citing *State v. (Raymond) Tison*, 129 Ariz. 546, 553, 633 P.2d 355, 361 (1981), *cert. denied*, 459 U.S. 882, 103 S.Ct. 180, 74 L.Ed.2d 147 (1982). Substantial evidence may be either circumstantial or direct. *See State v. Carriger*, 123 Ariz. 335, 339, 599 P.2d 788, 792, *cert. denied*, 444 U.S. 1049, 100 S.Ct. 741, 62 L.Ed.2d 736 (1980). For both reasons, in the instant case we believe that the judge acted properly in denying the defendant's motion for directed verdict as to the allegation of dangerousness.

#### b. The Other Charges

■ We find that, as to all the other charges, there was sufficient evidence to warrant a conviction. There was ample evidence of kidnapping as well as sexual assault. Both victims stated that defendant hit them and a medical expert testified that Jeanie had received serious injuries, including broken ribs and a punctured lung. Additionally, both women stated that they were threatened with weapons and forced to engage in certain sexual activities against their will. Thus, we find more than enough evidence to warrant giving the case to the jury.

### 3. JURY INSTRUCTIONS

Defendant raises three arguments with respect to the jury instructions. He argues that the court should have given his requested justification charge. He further contends that the trial court erred in failing to instruct, *sua sponte*, on the crime of unlawful imprisonment as a lesser included offense of kidnapping, and sexual abuse as a lesser included offense of sexual assault. Defendant also contends the court should

have given a different explanation of aggravated assault.

### a. The Justification Instruction

At trial, defendant took the stand and testified that he had met Jeanie in a bar and had offered to give her $100 if she would spend the day with him. He stated that they left the bar and began to drive around. According to him, she wanted to go to a friend's house to buy some heroin and when he refused she became violent, almost causing a car accident. He slammed on the brakes and she flew against the dash board, injuring herself. After a further struggle, he ordered her to leave the car.

Defendant then went on to explain that he went to Johnny O's nightclub where he met Sue. He told her what happened with Jeanie and she agreed to help him find her and to have intercourse with him for $200. They left the bar and searched for Jeanie. When they were unable to find her, they then drove to northern Phoenix and engaged in sexual relations. Defendant stated that when she refused to go back into town to continue looking for Jeanie, he told her he wasn't going to pay her. She then pulled out a gun, which he was able to grab from her. In order to protect himself, he locked her in the trunk overnight. When he let her out, the next morning, she apologized and the two of them drove back into town.

Defendant contends that he requested a justification instruction, based upon the facts of the case which defendant maintains would justify or excuse his conduct in this case. This request was apparently denied. Upon review of the record on appeal, however, we are unable to find this request. Assuming *arguendo* that the issue had been properly preserved, we find that a trial court could correctly deny the request.

■ A defendant is entitled to an instruction on any theory of the case reasonably supported by the evidence. *State v. Shumway*, 137 Ariz. 585, 672 P.2d 929 (1983). In order to be entitled to a justification instruction, a defendant has to show that "a reasonable person would believe that physical force is immediately necessary to protect himself against the other's use or attempted use of unlawful physical force." A.R.S. § 13–404. Defendant seems to be arguing that his act of putting Sue in the trunk because she attempted to use physical force was justifiable and, therefore, constituted a defense to the kidnapping charge. However the conduct giving rise to the kidnapping charge was not based upon defendant's act of putting Sue in the trunk of the car but occurred when defendant first drove to the northern part of the city. At that time, according to the prosecution, defendant beat the victim, took the gun out of her glove compartment and forced her to engage in certain sexual activities. As to those activities that the state alleged constituted the kidnapping, defendant offered no evidence that warranted the requested instruction. Where there is no evidence to support a justification instruction, the trial court has no obligation to give it. *State v. Bojorquez*, 138 Ariz. 495, 675 P.2d 1314 (1984). We find no error.

### b. Lesser-Included Offenses

Defendant also argues that the trial court erred in failing, *sua sponte*, to instruct the jury that unlawful imprisonment is a lesser-included offense of kidnapping and that sexual abuse is a lesser-included offense of sexual assault. We do not agree.

■ Recently, our court of appeals discussed the standard of review to be used when no request for an instruction on a lesser-included offense has been made. It stated:

[A] failure to instruct, absent a request, should be examined to determine if fundamental error has occurred. Fundamental error is error of such dimensions that it cannot be said it is possible for a defendant to have had a fair trial. * * * Reversal is required because the error went to the very foundation of his theory

of the case and took away a right essential to his defense.

*State v. Flores*, 140 Ariz. 469, 474, 682 P.2d 1136, 1141 (App.1984) (citations omitted). We agree with this standard of review. Although in capital cases, a defendant has a constitutional right pursuant to the due process clause to a *sua sponte* instruction on all lesser-included counts of first degree murder, *Beck v. Alabama*, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), this holding has not been extended to noncapital offenses. Thus, unless failure to instruct the jury would fundamentally violate defendant's right to a fair trial, the court is under no obligation to give the charge, absent a request. As the court in *Flores, supra,* explained, fundamental error only occurs when failure to give the contested charge interferes with defendant's ability to conduct his defense.

■ Unlawful imprisonment is a lesser-included offense of kidnapping. *State v. Caudillo*, 124 Ariz. 410, 604 P.2d 1121 (1979). It does not follow, however, that an instruction on the lesser included offense is appropriate in every case. It is only when the facts support the giving of the lesser-included offense instruction that it is appropriate to do so. Under A.R.S. § 13–1304, a person is guilty of kidnapping if he knowingly restrains someone with intent to commit certain felonies. Rape is one of those felonies. A.R.S. § 13–1304, (A)(3). Here, defendant asserts that Sue consented to drive with him and consented to the sexual relations. Since sexual intercourse and the taking of Sue to North Phoenix are admitted by defendant, a jury could only hold him either guilty of the greater charge of kidnapping with the intent to commit rape, or not guilty at all. "A lesser-included offense instruction need not be given when the state of the evidence is such that the defendant can only be guilty of the crime charged or not guilty at all." *State v. Williams*, 144 Ariz. 479, 486, 698 P.2d 724, 731 (1985). *State v. McNair*, 141 Ariz. 475, 482, 687 P.2d 1230, 1237 (1984). We find no error.

Defendant next alleges that the jury should have been instructed on sexual abuse as a lesser-included offense of sexual assault. Again while we agree that sexual abuse can be a lesser-included offense of sexual assault, *State v. Wise*, 137 Ariz. 468, 671 P.2d 909 (1983), it does not follow that failure to give a lesser-included instruction is error.

■ In the case of Sue, defendant stated that he had engaged in consensual intercourse. Thus, under the evidence presented, he was either guilty of sexual assault or not guilty at all; an instruction on the lesser-included offense of sexual abuse was not mandated under the facts in this case. As to Jeanie, defendant denies any sexual contact occurred between them. It may well be that had the defendant so requested, the trial court would have been justified in giving an instruction of sexual abuse as a lesser-included offense of sexual assault. The lack of such an instruction, however, did not deprive defendant of his claimed defense. Therefore, it was not fundamental error to fail to instruct *sua sponte* on the lesser-included offense. *Flores, supra.* We find no error.

c. Aggravated Assault Instruction

Defendant argues, additionally, that the trial court improperly defined the crime of aggravated assault. The judge gave the following instruction:

The crime of aggravated assault requires proof that the defendant intentionally, knowingly or recklessly caused serious physical injury to another person; or that the defendant intentionally, knowingly or recklessly caused physical injury to another person while using a deadly weapon or dangerous instrument.

Defendant objected to this charge, arguing that there was insufficient evidence to support the last half of the explanation, i.e. the "using a deadly weapon" portion. Defendant renews this objection and argues additionally that it was error to give this instruction because defendant was not formally charged in this manner.

As to this last claim, we note that the language used by the trial court came directly from the indictment. Defendant's claim, therefore, must fail. We also believe there was sufficient evidence to warrant giving the last half of the instruction, both as to Jeanie and Sue.

■■■ Defendant particularly objected to the instruction as it applied to Jeanie. Defendant was indicted for "intentionally, knowingly or recklessly [causing] physical injury to Jeanie * * *, using a deadly weapon or dangerous instrument, to wit [a] knife * * *." A knife is a deadly weapon for purposes of A.R.S. § 13–1204, *State v. Garcia*, 114 Ariz. 317, 319, 560 P.2d 1224, 1226 (1977), and there was evidence that defendant used it in committing the assault. Jeanie testified that defendant drove her into an alley and began hitting her with enough force to partially knock her eye out of its socket. As she tried to escape, he also began choking her. Jeanie stated that defendant then pulled out a knife and ordered her to perform fellatio. The beating and the exhibition of the knife were all a part of the same transaction even if the beating preceded the exhibition of the knife. We find this testimony sufficient to support a charge that "defendant intentionally, knowingly or recklessly caused physical injury * * * while using a deadly weapon * * *." We find no error.

### 4. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant claims that he was denied his constitutional right to effective assistance of counsel. U.S. Const. amend VI. He argues that "counsel was deficient for not arguing for the use of Jeanie's prior convictions; for failing to object to the improprieties of the prosecutor's closing remarks; and for failing to request lesser-included offense instructions on kidnapping and sexual assault." Defendant further contends that counsel did not cross-examine the witnesses properly. We do not agree.

Recently, the United States Supreme Court set forth the standard against which claims of ineffective assistance of counsel are measured:

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. .

*Strickland v. Washington*, 466 U.S. 668, ——, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). We adopted the second prong of this test in *State v. Lee*, 142 Ariz. 210, 689 P.2d 153 (1984) and the first in *State v. Nash*, 143 Ariz. 392, 694 P.2d 222 (1985).

As to defendant's claim that his counsel should have requested lesser-included instructions, we have already stated that failure to give such instructions did not deprive defendant of a fair trial. *See* discussion *supra*. Thus, assuming trial counsel should have requested such instructions, defendant is unable to satisfy the second prong of the Strickland test.

■■■ Defendant argues also that failure to request the use of certain prior convictions to impeach Jeanie was evidence of inadequate assistance. Jeanie had a twenty-three year old burglary conviction and several other misdemeanor convictions that were over ten years old. Defense counsel conceded that these convictions were inadmissible for impeachment purposes. We do not find this concession improper. Under Rule 609, Arizona Rules of Evidence, 17A A.R.S., evidence of prior convictions is admissible for the purpose of attacking a witness' credibility. However, pursuant to Rule 609(b),

"[e]vidence of a conviction * * * is not admissible if a period of more than ten years has elapsed since the date of the

conviction \* \* \* unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect."

Convictions that are remote in time are looked upon with disfavor because "[a]s felony convictions become older they have increasingly less probative value on credibility." M. Udall & J. Livermore, *Arizona Practice, Laws of Evidence* § 47 at 90 (2nd ed. 1982). Thus, had defense counsel requested that he be allowed to use these convictions, his motion would have almost certainly been denied. We cannot fault defense counsel for failing to make an essentially futile request. *See State v. Borbon,* 146 Ariz. 392, 706 P.2d 718 (1985).

■ Defendant also points to trial counsel's failure to object to the state's rebuttal closing argument. After defendant's summation, the prosecutor commented that defendant's testimony was a "snow job." The prosecutor then tried to rebut defense counsel's comments on the credibility of Jeanie and Sue.

We have read the closing arguments of both the defense and the state and we do not believe defendant was deprived of a fair trial. As we have stated, counsel is allowed great latitude in closing arguments, even to the extent of making emotional statements. *State v. Marvin,* 124 Ariz. 555, 557, 606 P.2d 406, 408 (1980). In determining whether the state has overstepped its bounds, we look to see "whether the remarks call to the attention of the jury matters which they would not be justified in considering in order to arrive at their verdict and whether the jury, under the circumstances of the case, was probably influenced by those remarks." *State v. Puffer,* 110 Ariz. 180, 181, 516 P.2d 316, 317 (1973) (citation omitted). Several of the state's remarks went to the credibility of the witnesses. Not only was this a proper issue for the jury to consider but it was intended to refute defense counsel's attack on the credibility of Jeanie and Sue. Neither do we find that these remarks im-

properly influenced the jury. Defendant was indicted for a total of fourteen crimes and was only convicted of six. Thus, it would appear that the jury did not convict merely as an emotional response to the state's summation but critically evaluated the evidence. Defendant is unable to show that failure to object denied him a fair trial.

Lastly, defendant contends that defense counsel failed to adequately impeach Jeanie and Sue. Upon review of the record, however, we find that counsel did an adequate job, well within the prevailing standards for the profession. *Nash, supra.* We find no error.

### 5. RULE 32

In addition to the issues raised on direct appeal, defendant filed a petition for post-conviction relief in superior court raising two claims. He maintained that he was denied effective assistance of counsel and that he was interrogated in violation of his fifth amendment right against self-incrimination. The trial court denied relief after an evidentiary hearing. We have reviewed the record and find that the trial court acted properly. As previously noted, we find counsel's representation was effective. We also agree that defendant's fifth amendment rights were not violated.

### 6. MIRANDA CLAIM

Defendant was arrested in Winslow, Arizona. Shortly before his arrest, he had sustained bruises and lacerations in a barroom fight. He concedes that he was advised of his rights pursuant to *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and that he voluntarily spoke with the arresting officers for a time during the ride back to Phoenix. He maintains, however, that when the officers directed the conversation to the events of this case, he stated that he "had nothing further to say," but that the officers recommenced questioning upon their arrival in Phoenix. The arresting officer, Detective James Raines, testified that defendant never asserted his right to remain silent, and the trial court found accordingly. De-

fendant testified that he failed to respond to most of the questions directed at him but that he told the officers where he had gone with Jeanie and Sue.

Assuming *arguendo* that defendant's statements were in the nature of a confession, we still find no error. Although confessions are presumed involuntary, the state can, by a preponderance of the evidence, overcome this presumption. *State v. Hein,* 138 Ariz. 360, 365, 674 P.2d 1358, 1363 (1983). A trial court's determination of voluntariness will not be upset absent clear and manifest error. *State v. Hanson,* 138 Ariz. 296, 301, 674 P.2d 850, 855 (App.1983). In the instant case, the defendant's account was unsubstantiated and denied by the officer. Under these circumstances, we are reluctant to disturb the decision of the trial court which was best situated to assess the credibility of the witnesses before it.

Affirmed.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.