984 P.2d 12

**STATE of Arizona, Plaintiff–Appellee,**

**v.**

**Terry James VALENZUELA, Defendant–Appellant.**

**No. CR–98–0267–PR.**

Supreme Court of Arizona, En Banc.

June 18, 1999.

Janet A. Napolitano, The Attorney General by Paul J. McMurdie, Chief Counsel Criminal Appeals Section, and Susanna C. Pineda, Assistant Attorneys General, Phoenix, Attorneys for Appellee.

Susan A. Kettlewell, Pima County Public Defender by Kristine Maish Assistant Public Defender, Tucson, Attorneys for Appellant.

## OPINION

McGREGOR, Justice

¶ 1 Appellant Terry James Valenzuela was charged with first-degree murder. The jury convicted him of second-degree murder, a class one felony, and aggravated assault, a class three dangerous felony. Although the trial judge had concluded the evidence supported giving an instruction for reckless manslaughter, the judge inadvertently failed to so instruct the jury. Appellant, who had reviewed the proposed instructions, did not object to the omission of a reckless manslaughter instruction. We accepted this mat-

ter on petition for review and exercise jurisdiction pursuant to article VI, section 5(3) of the Arizona Constitution, Arizona Revised Statutes (A.R.S.) section 13–4031(1989), and Rule 31.2.a, Arizona Rules of Criminal Procedure. Because the court's omission of the reckless manslaughter instruction constituted fundamental, reversible error, we reverse appellant's conviction and remand the matter for a new trial.

## I.

¶ 2 A defendant should receive instructions on any theory of a case, including differing degrees of homicide, that the evidence supports. *See State v. Shumway,* 137 Ariz. 585, 588, 672 P.2d 929, 932 (1983). If a party fails to object to an error or omission in a jury instruction, as occurred here, he waives the issue on appeal, absent a finding of fundamental error. *See, e.g.,* Ariz. R.Crim. P. 21.3.c;[1] *State v. Gallegos,* 178 Ariz. 1, 11, 870 P.2d 1097, 1107 (1994).

### A.

¶ 3 At trial, the parties advanced substantially different versions of the facts that led to the killing of Patricia Fernando (Patricia). All agreed that, on May 6, 1996, appellant approached Jose Vasquez (Jose) and Patricia while they sat under a tree in Three Points, Arizona. All three were intoxicated, and appellant and Jose had been drinking since at least the previous day. The parties also agreed that a longstanding feud existed between appellant, his father, and Jose.

¶ 4 The state asserts that as appellant approached the tree he pulled out a gun and pointed it at Jose. He then shot Jose in the face. Patricia, who was seated next to Jose, shouted for appellant to leave Jose alone. As Patricia yelled, appellant turned and fired the gun at Patricia, instantly killing her. According to the state, this evidence clearly demonstrates that appellant intentionally discharged his gun at Patricia.

1. Rule 21.3.c states, in part, that a party may not appeal a court's "giving or failing to give any instruction or portion thereof ... unless the party objects thereto before the jury retires to con-

sider its verdict, stating distinctly the matter to which the party objects and the grounds of his or her objection."

¶ 5 According to appellant, on this particular day an argument began between him and Jose. Appellant asked Jose to stop his verbal assault. Rather than stop, Jose continued to taunt appellant, daring him to shoot him with the gun appellant brandished. At some point during the altercation, in response to Jose's goading and in an attempt to scare Jose and stop his "yapping," appellant fired his gun at Jose, intending to frighten him by striking him in the shoulder. Instead, he shot Jose in the eye. Patricia yelled for appellant to leave Jose alone. Then, as appellant discharged the gun a second time, Patricia stepped between him and Jose. The second bullet struck her, and she died instantly.

¶ 6 The police apprehended appellant soon thereafter. He admitted to them that he intended to shoot Jose in the shoulder in order to scare Jose and stop him from "yapping." He denied intending to kill anyone.

¶ 7 At trial, Jose agreed that appellant made no threats against Patricia, did not aim his gun at her, and did not attempt to kill her. Expert testimony revealed that appellant saw himself as Jose's victim and Jose as appellant's "tormentor." The expert witness characterized appellant as suffering from low self-esteem and an inability to cope, impulsive, dependent upon alcohol to overcome his problems, and lacking the ability to premeditate his actions.

¶ 8 At the conclusion of the state's case, the court inquired of the parties whether appellant was entitled to a lesser included instruction on manslaughter. In response, appellant requested that the court instruct on reckless second-degree murder and reckless manslaughter. Despite the state's objections, the trial court determined that the evidence supported giving an instruction for reckless manslaughter, commenting that "the facts can be interpreted by the jury in a variety of ways, depending on if they believe his testimony, or take the view that he acted intentionally and with premeditation . . . ."

¶ 9 The trial court showed the parties the anticipated jury instructions and, at the conclusion of closing arguments, asked whether he should make any modifications. Appellant indicated he had none, although the court had omitted the reckless manslaughter instruction.

## II.

¶ 10 Rule 23.3, Arizona Rules of Criminal Procedure, requires that lesser included offenses be submitted to the jury:

> Forms of verdicts shall be submitted to the jury for all offenses necessarily included in the offense charged, an attempt to commit the offense charged or an offense necessarily included therein . . . .

Lesser included instructions are proper if the evidence permits a jury rationally to find that "although all the elements of the crime charged were not proved, all the elements of [the] . . . lesser offense[ ] ha[ve] been." *State v. Malloy*, 131 Ariz. 125, 129, 639 P.2d 315, 319 (1981); *State v. Lara*, 183 Ariz. 233, 235, 902 P.2d 1337, 1339 (1995). We have previously held that "when supported by the evidence, instructions for second-degree murder [and] manslaughter [ ] are required in first-degree murder trials." *State v. Lamb*, 142 Ariz. 463, 472, 690 P.2d 764, 773 (1984).

¶ 11 Here, although the court instructed the jury on second-degree murder and heat of passion manslaughter, it failed to instruct on reckless manslaughter. Reckless manslaughter involves being aware of a substantial and unjustifiable risk that one's conduct will cause another's death and consciously disregarding that risk. *See* A.R.S. §§ 13–105.9.c, 13–1103.A.1; *State v. Nieto*, 186 Ariz. 449, 456, 924 P.2d 453, 460 (App. 1996). Second-degree murder, in contrast, results when, without premeditation, one "recklessly engages in conduct which creates a grave risk of death," under circumstances "manifesting [an] extreme indifference to human life," and causes the death of another person. A.R.S. § 13–1104.A.3.[2] Thus, if the evidence supported a finding that appellant committed the murder recklessly, but not under circumstances manifesting extreme in-

---

**2.** A person also commits second-degree murder if, without premeditation, he "intentionally causes the death of another person" or causes the death of another, "[k]nowing that his conduct will cause death or serious physical injury." A.R.S. § 13–1104.A.1, .2.

difference to human life, and not through conduct that created a grave risk of death, appellant should have received the lesser included reckless manslaughter instruction that the trial judge intended to give. *See, e.g., State v. Dumaine*, 162 Ariz. 392, 404, 783 P.2d 1184, 1196 (1989).

■ ¶ 12 The problem raised by appellant's conviction does not result from a lack of evidence sufficient to support the jury's verdict of guilty of second-degree murder. The jury rationally could have found that appellant committed second-degree murder by intentionally causing Patricia's death or by knowingly engaging in conduct that created a grave risk of death, under circumstances manifesting an extreme indifference to human life. *See* A.R.S. § 13–1104.A.1 and .2.

¶ 13 However, the jury also could have rationally failed to find the distinguishing element of second-degree murder and concluded instead that appellant recklessly disregarded a substantial and unjustifiable risk that his conduct could cause the death of another person. *See State v. Krone*, 182 Ariz. 319, 323, 897 P.2d 621, 625 (1995) (test for requiring lesser included instruction is whether the jury rationally could fail to find the distinguishing element of the greater offense). Had the jury been given reckless manslaughter as an alternative, it could have accepted appellant's explanation of the events, and have found his actions to be reckless within the meaning of the manslaughter statute. Failure to permit the jury to consider this evidence under a reckless manslaughter instruction removed from the jury the "option of convicting on a … less drastic alternative" than either first- or second-degree murder, and precluded the appellant from receiving "the full benefit of the reasonable-doubt standard." *State v. Celaya*, 135 Ariz. 248, 253, 660 P.2d 849, 854 (1983) (citing *Beck v. Alabama*, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980)). Because the evidence could be interpreted to support a verdict of reckless manslaughter, the court should have instructed on that lesser included offense.

## III.

■ ¶ 14 Having concluded that the trial court should have given a reckless manslaughter instruction, we must next determine whether the court's failure to give that instruction constituted fundamental, reversible error.

■ ¶ 15 Fundamental error occurs when the defendant loses a "right essential to his defense," was unable to receive a fair trial, or where the error goes to the "very foundation of [defendant's] theory of the case." *Gallegos*, 178 Ariz. at 11, 870 P.2d at 1107; *State v. Lucas*, 146 Ariz. 597, 603–04, 708 P.2d 81, 87–88 (1985) (citing *State v. Flores*, 140 Ariz. 469, 474, 682 P.2d 1136, 1141 (App.1984)). In non-capital cases, when the defendant requests a lesser included offense instruction that is supported by the evidence, failure to give it constitutes fundamental error if the failure impedes the defendant's ability to present his defense. *See Lucas*, 146 Ariz. at 604, 708 P.2d at 88. Failure to instruct properly or completely impedes a theory of defense when specific intent has become a key component, or "battleground," of the case, but no instruction concerning it is given by the trial judge. *State v. Evans*, 109 Ariz. 491, 493, 512 P.2d 1225, 1227 (1973). Disputes over specific intent necessitate giving "full and explicit" instructions to the jury. *Id.; State v. Mincey*, 130 Ariz. 389, 397, 636 P.2d 637, 645 (1981) (citing *State v. Pulliam*, 87 Ariz. 216, 222, 349 P.2d 781, 785 (1960)), *overruled on other grounds by State v. Cobb*, 115 Ariz. 484, 488, 566 P.2d 285, 288 (1977).

¶ 16 Appellant argued throughout trial that he intended not to kill, but rather to frighten. His intent, therefore, became the cornerstone of his defense and provided the key component or "battleground" of the case. *See Evans*, 109 Ariz. at 493, 512 P.2d at 1227. As the trial judge concluded, the jury was entitled to receive "full and explicit" instructions about every lesser included offense of first-degree murder that the evidence supported, including reckless manslaughter. *Id.; Mincey*, 130 Ariz. at 397, 636 P.2d at 645. By failing to give the reckless manslaughter instruction, the trial court denied appellant "a right essential to his defense"

and affected the "very foundation of [his] theory of defense." *Gallegos,* 178 Ariz. at 11, 870 P.2d at 1107; *Lucas,* 146 Ariz. at 603–04, 708 P.2d at 87–88. Moreover, although the evidence supporting a reckless manslaughter rather than a second-degree murder conviction is not strong, we cannot conclude, beyond a reasonable doubt, that the error did not contribute significantly to the verdict, and therefore cannot conclude that the error was harmless. *See State v. Henley,* 141 Ariz. 465, 468, 687 P.2d 1220, 1223 (1984); *Bliss v. Treece,* 134 Ariz. 516, 520, 658 P.2d 169, 173 (1983) (errors involving improper instructions are harmless unless prejudice resulted). Fundamental, reversible error resulted when the trial judge inadvertently failed to give the reckless manslaughter instruction.

## IV.

¶ 17   For the foregoing reasons, we reverse appellant's conviction and remand the matter for a new trial.

CONCURRING: THOMAS A. ZLAKET, Chief Justice, CHARLES E. JONES, Vice Chief Justice, STANLEY G. FELDMAN, Justice, and FREDERICK J. MARTONE, Justice.