NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHRISTOPHER JUSTIN KIRBY, *Appellant.*

No. 1 CA-CR 14-0762
FILED 5-26-2016

Appeal from the Superior Court in Maricopa County
No.  CR 2013-444399-001
The Honorable Joseph C. Kreamer, Judge

**AFFIRMED IN PART; VACATED IN PART; REMANDED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Christopher M. DeRose
*Counsel for Appellee*

Maricopa County Office of the Legal Advocate, Phoenix
By Frances J. Gray
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Randall M. Howe and Judge Andrew W. Gould joined.

_____

**J O H N S E N,** Judge:

¶1    Christopher Justin Kirby appeals from his convictions and resulting sentences for aggravated assault, escape, and threatening and intimidating. For reasons that follow, we affirm the three convictions and the sentences imposed on the convictions for escape and threatening and intimidating, but vacate and remand the sentence imposed on the conviction for aggravated assault.

**FACTS AND PROCEDURAL HISTORY**

¶2    While being booked into jail on another offense, Kirby slipped out of his handcuffs and used them to attack the arresting detective.[1] As a result of the handcuff incident, Kirby was charged with aggravated assault on a peace officer, a Class 2 dangerous felony; escape in the first degree, a Class 4 dangerous felony; and threatening or intimidating by a criminal street gang member, a Class 6 dangerous felony. For sentencing purposes, the State alleged five historical prior felony convictions and multiple aggravating circumstances.

¶3    Before trial, the superior court granted defense counsel's request for a competency evaluation of Kirby pursuant to Arizona Rule of Criminal Procedure ("Rule") 11.2. The case was transferred to the Rule 11 Commissioner's Court and, based on reports from doctors who examined Kirby, that court found him incompetent to stand trial and ordered him confined for treatment. Two months later, another evaluation concluded that Kirby was "blatantly malingering" and exaggerating cognitive impairment and symptoms of mental illness and that he was competent to stand trial. This report also included findings that Kirby was "well aware of his situation and potential consequences and is attempting to deceive the court" and that his "treatment providers have never seen any credible

_____

[1]    On review, we view the facts in the light most favorable to sustaining the convictions and resolve all inferences against Kirby. *State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

evidence of psychosis or mental illness other than Antisocial Personality Disorder." The Commissioner's Court accepted the parties' stipulation to this report, found Kirby competent to stand trial, and transferred the case back to the superior court.

¶4        A jury found Kirby guilty as charged on all three counts. It further found the aggravated assault and threatening and intimidating offenses were dangerous offenses and that the State had proven an aggravating circumstance for all three offenses. Before sentencing, the superior court held a hearing and found Kirby had five historical prior felony convictions. The superior court thereafter sentenced Kirby as a repetitive offender to concurrent aggravated prison terms of 28 years for aggravated assault, 12 years for escape and 5.5 years for threatening and intimidating, with credit for 404 days of presentence incarceration.

¶5        Kirby timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2016), 13-4031 (2016) and -4033(A)(1) (2016).[2]

## DISCUSSION

### A.    Competency to Stand Trial.

¶6        Kirby argues his convictions must be reversed because he was not competent to stand trial. We will not disturb a competency determination absent an abuse of discretion, nor will we reweigh the evidence. *State v. Lewis*, 236 Ariz. 336, 340, ¶ 8 (App. 2014). We consider only whether "reasonable evidence supports the trial court's finding that the defendant was competent, considering the facts in the light most favorable to sustaining the trial court's findings." *Id*. (quoting *State v. Glassel*, 211 Ariz. 33, 44, ¶ 27 (2005)).

¶7        Convicting a defendant who is legally incompetent violates due process. *Pate v. Robinson*, 383 U.S. 375, 378 (1966). Legal competency, however, is an "extremely narrow issue," and the "fact that a defendant suffers from a mental illness, defect, or disability is not, by itself, grounds for finding the defendant incompetent." *Lewis*, 236 Ariz. at 340, ¶ 9 (quotation omitted). Rather, such illness, defect, or disability must render the defendant "unable to understand the nature and object of the

---

[2]        Absent material revision after the date of an alleged offense, we cite a statute's current version.

proceeding or to assist in the defendant's defense." A.R.S. § 13–4501(2) (2016).

¶8 Kirby does not challenge the commissioner's determination that he was competent to stand trial following his referral for evaluation and treatment. Instead, noting that determination was made five months before trial, Kirby argues the superior court erred by not *sua sponte* conducting another inquiry into his competency at the beginning of trial. Specifically, Kirby asserts that his counsel's in-court comments just before trial about the need for him to wear a spit mask and mitts to protect the jailers and the fact that he was being held at the jail's mental health unit because of self-harming actions such as overdosing on medication and swallowing objects were sufficient to raise a good-faith doubt as to his competency that required further inquiry.

¶9 A court must order a competency evaluation if it determines "reasonable grounds" for such an examination exist. Ariz. R. Crim. P. 11.3(a). "Reasonable grounds exist when there is sufficient evidence to indicate that the defendant is not able to understand the nature of the proceeding against him and to assist in his defense." *State v. Amaya–Ruiz*, 166 Ariz. 152, 162 (1990) (quotation omitted). The superior court has broad discretion to determine whether reasonable grounds exist for a competency examination, and we will reverse its ruling only if it manifestly abused that discretion. *Id.*

¶10 After reviewing the record, we cannot say that the superior court abused its discretion. Given his reported behavior, Kirby may, in fact, suffer from mental illness. As stated, however, mental illness, defect, or disability does not, by itself, establish legal incompetency. *Lewis*, 236 Ariz. at 340, ¶ 9. Rather, such illness, defect, or disability must render the defendant "*unable* to understand the nature and object of the proceeding or to assist in the defendant's defense." A.R.S. § 13–4501(2) (emphasis added).

¶11 Although defense counsel described various issues Kirby had while being held in jail, at no time after the initial Rule 11 determination of competency did defense counsel indicate she thought Kirby was incompetent to stand trial. Furthermore, the superior court had the opportunity to observe and speak with Kirby on the first day of trial testimony, when Kirby confirmed his decision to forego his attendance at trial. Nothing in the record suggests his conduct in court that morning raised any question about his ability to understand the proceedings or to assist in his defense. Absent any indication that Kirby's claimed mental illness or other psychological problems might prevent him from

understanding the proceedings or aiding in his defense, the superior court did not abuse its discretion in not ordering a second Rule 11 examination.

**B.      Waiver of Presence at Trial.**

¶12      During a pretrial hearing, defense counsel informed the superior court that Kirby did not wish to appear at his trial. When asked why he did not want to be present, Kirby stated it was because he would "stick[] out" because of the spit mask and mitts he was required to wear. His counsel further informed the court that she had discussed the matter with Kirby and that they had decided to waive his presence for "strategic and tactical purposes." The superior court engaged in a colloquy with Kirby, during which the court advised him of the rights he would be waiving by not attending the trial. At the conclusion of the colloquy, Kirby told the court he understood his rights and that he wanted to waive them. Later, out of the presence of the jury during trial, Kirby reaffirmed his waiver of the right to be present and testify and confirmed that his waiver also applied to any post-trial hearings concerning the allegations of aggravating factors and prior felony convictions.

¶13      On appeal, Kirby argues he was involuntarily deprived of his right to be present at trial. He contends he could not have appeared before the jury wearing a spit mask and mitts, yet the court neither offered to remove the mask and mitts nor offered him an alternative means of being present at trial. Kirby did not raise this issue in the superior court; nor did he object to having to wear a mask and mitts. Therefore, we review only for fundamental error. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005). "Fundamental error is error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial." *State v. Ruggiero*, 211 Ariz. 262, 268, ¶ 25 (App. 2005) (quotation omitted). The defendant bears the burden of establishing fundamental error. *Henderson*, 210 Ariz. at 568, ¶¶ 23-24.

¶14      The federal and Arizona constitutions guarantee an accused the right to be present at trial. U.S. Const. amend. VI; Ariz. Const. art. 2, § 24; *State v. Levato*, 186 Ariz. 441, 443 (1996). This right, however, is not absolute, and a defendant may voluntarily waive the right to attend trial. *State v. Garcia–Contreras*, 191 Ariz. 144, 147, ¶ 9 (1998).

¶15      Kirby's reliance on *Garcia-Contreras* is misplaced. In that case, the defendant's civilian clothes were not available at the start of trial, and the superior court denied a motion for a short continuance until the clothes

could be brought to the court. *Id.* at 146, ¶¶ 4-6. Rather than wear jail garb to court, the defendant elected to waive his presence at trial. *Id.* at ¶ 7. On appeal, our supreme court reversed, holding the superior court erred in denying the motion for continuance because it forced the defendant to choose between waiving his right to be present at trial and the right not to appear in jail garb. *Id.* at 149, ¶ 22.

**¶16** Unlike the defendant in *Garcia-Contreras*, nothing in the record indicates that Kirby wanted to be present at trial. Although Kirby claims his waiver was involuntary because he "was presented with the Hobson's choice of appearing in a spit mask and mitts or relinquishing his presence rights," he did not object to having to wear the spit mask and mitts, nor did he suggest any alternative under which he could attend trial or would be willing to do so. To the contrary, his counsel informed the superior court that the spit mask and mitts were necessary because "he often spits and scratches the guards" and that the decision to waive his presence was both tactical and strategic.

**¶17** Further, the record reflects that Kirby likewise elected to waive his right to be present during pretrial proceedings and trial in two other criminal matters. His decision to forego attending pretrial proceedings in those other cases, even though no jurors would be present, demonstrates that the mask and mitts did not render his absence involuntary. Viewed in its entirety, the record in this case shows a defendant who did not want to participate in any part of the criminal justice process. On this record, Kirby has failed to meet his burden of establishing that his waiver of the right to be present at trial was not voluntary.

**¶18** In advancing this argument, Kirby challenges certain acts by his counsel bearing on the waiver of his presence at trial. These allegations that his counsel was ineffective may not be brought on appeal, but only in post-conviction relief proceedings. *See State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002).

**C. Lesser-Included Offense Instruction.**

**¶19** Kirby also contends the superior court erred by failing to instruct the jury on the lesser-included offense of misdemeanor threatening and intimidating, arguing that the jury could have concluded that the evidence did not establish beyond a reasonable doubt that Kirby was a member of a criminal street gang. Because Kirby failed to object to the instructions given and did not request a lesser-included offense instruction, we review this argument for fundamental, prejudicial error. Ariz. R. Crim.

P. 21.3(c) ("No party may assign as error on appeal the court's giving or failing to give any instruction . . . unless the party objects thereto before the jury retires to consider its verdict[.]"); *State v. Dickens*, 187 Ariz. 1, 22–23 (1996), *abrogated on other grounds by State v. Ferrero*, 229 Ariz. 239, 242-43 (2012).

**¶20** In a noncapital case, the superior court has a duty to provide a lesser-included offense instruction *sua sponte* only when the absence of such an instruction "would fundamentally violate [the] defendant's right to a fair trial." *State v. Lucas*, 146 Ariz. 597, 604 (1985), *overruled in part on other grounds by State v. Ives*, 187 Ariz. 102, 106-08 (1996); *accord State v. Whittle*, 156 Ariz. 405, 407 (1988). Our supreme court has described this inquiry as whether the lack of an instruction "interferes with [the] defendant's ability to conduct his defense." *Lucas*, 146 Ariz. at 604.

**¶21** The difference between threatening and intimidating as a Class 1 misdemeanor in violation of A.R.S. § 13–1202(A)(1), (B) (2016) and the Class 4 felony version of the offense in violation of A.R.S. § 13-1202(A)(3), (B) is that the felony offense includes an additional element that the defendant be a criminal street gang member. Here, the State presented evidence that Kirby was a member of the Peckerwoods, a white supremacist criminal street gang. Kirby did not dispute the evidence of his gang affiliation at trial. Instead, Kirby's defense to the threatening and intimidation charge was that his statements to the victim were "kind of a general taunting, not a threat," and that the victim did not know he was a member of a criminal street gang until after the assault. Because the court's failure to instruct the jury on the lesser-included offense did not interfere with Kirby's ability to present his defense, no fundamental error occurred.

## D.    Sentencing as Repetitive Offender.

**¶22** Kirby also argues the superior court erred in sentencing him as a repetitive offender. Because Kirby did not object to his sentence on this ground, we review this argument only for fundamental error. *State v. Thues*, 203 Ariz. 339, 340, ¶ 4 (App. 2002).

**¶23** Before trial, the State filed timely allegations of five historical prior felony convictions for enhancement and aggravation purposes. The State intended to prove the prior convictions through a certified copy of Kirby's "pen pack," a packet of information assembled by the Arizona Department of Corrections that detailed Kirby's history of criminal convictions and incarceration and included his personal information, his photograph and fingerprints. During the hearing at trial at which Kirby

reaffirmed his waiver of his right to be present at trial, Kirby admitted that the certified pen pack related to him.

¶24　　　　Following return of the guilty verdicts, the court held a hearing on the State's allegation of prior felony convictions. After the State offered the certified pen pack and other supporting documents in evidence on the prior convictions, the superior court asked Kirby's counsel if he wanted to present any information about the alleged prior felony convictions. Defense counsel responded in the negative, stating, "My client has admitted that he does have those priors before the trial, so we're not contesting them." The superior court then made the finding that Kirby had the five historical prior felony convictions reflected in the pen pack and sentenced him to enhanced aggravated sentences as a category three repetitive offender.

¶25　　　　Kirby argues the superior court erred in accepting his admission to the pen pack and his counsel's stipulation to the allegations of prior convictions without conducting a Rule 17.6 colloquy. He also argues the record is insufficient to show the existence of the historical prior felony convictions found by the superior court.

¶26　　　　The superior court may impose an enhanced sentence if the State alleges and the court finds the defendant has one or more historical prior felony convictions. A.R.S. § 13-703 (2016); *State v. Morales*, 215 Ariz. 59, 61, ¶¶ 6-7 (2007). Prior convictions may be proven at an evidentiary hearing or admitted by the defendant. *Id.* Rule 17.6 requires the court to conduct a plea-type colloquy when it accepts a defendant's admission to a prior conviction during a sentencing proceeding. *Id.* at 61, ¶ 7; *State v. Gonzales*, 233 Ariz. 455, 457, ¶ 8 (App. 2013). Failure to conduct a Rule 17.6 colloquy may be fundamental error, but a defendant is not entitled to resentencing in the absence of prejudice. *See Morales*, 215 Ariz. at 61-62, ¶¶ 10–11; *Gonzales*, 233 Ariz. at 458, ¶ 9. Here, the absence of the Rule 17.6 colloquy was harmless because Kirby cannot show prejudice.

¶27　　　　A category three repetitive offender sentence enhancement requires a finding of two or more historical prior felony convictions. A.R.S. § 13-703(C). The certified pen pack entered in evidence at the sentencing hearing establishes that Kirby had five prior felony convictions for offenses committed between June 2001 and June 2008. Kirby argues that none of the convictions qualifies as an historical prior felony conviction because they were not committed within the time limitations of A.R.S. § 13-105(22)(b) or (c) (2016). That argument, however, ignores subsection (d) of the statute, under which "[a]ny felony conviction that is a third or more prior felony

conviction" qualifies as an "historical felony conviction" regardless of when it was committed. A.R.S. § 13-105(22)(d). Thus, the certified pen pack establishes that Kirby had three prior felony convictions that qualify as historical prior felony convictions for sentencing enhancement purposes. Accordingly, no remand is required for the lack of a Rule 17.6 colloquy. *See Gonzales*, 233 Ariz. at 458, ¶ 11 (unobjected-to presentence report to which the defendant stipulated without the benefit of a Rule 17.6 colloquy conclusively precludes a finding of prejudice).

**E.      Sentencing on Aggravated Assault Conviction.**

**¶28**        Kirby also contends the superior court erred by sentencing him on the aggravated assault conviction pursuant to A.R.S. § 13-1204(C) (2016). This statute provides:

> A person who is convicted of intentionally or knowingly committing aggravated assault on a peace officer while the officer is engaged in the execution of any official duties pursuant to subsection A, paragraph 1 or 2 of this section shall be sentenced to imprisonment for not less than the presumptive sentence . . . and is not eligible for suspension of sentence, commutation or release on any basis until the sentence imposed is served.

**¶29**        Kirby argues he should not have been sentenced pursuant to this statute because the jury verdict failed to establish that the aggravated assault was committed intentionally or knowingly. We agree.

**¶30**        Kirby was charged with aggravated assault on the detective in violation of A.R.S. §§ 13-1203(A)(1) (2016) and 13-1204(A)(2) (2016). A person commits assault in violation of A.R.S. § 13-1203(A)(1) by "[i]ntentionally, knowingly or recklessly causing any physical injury to another person[.]" The jury was instructed on all three possible culpable mental states for the offense, but the verdict form did not require the jury to designate whether the jurors found the offense to have been committed intentionally or knowingly.

**¶31**        Absent a specific finding by the jury beyond a reasonable doubt that Kirby committed the assault intentionally or knowingly as opposed to recklessly, the superior court erred in sentencing Kirby pursuant to A.R.S. § 13-1204(C). "Imposition of an illegal sentence constitutes fundamental error." *Thues*, 203 Ariz. at 340, ¶ 4. On fundamental error review, the defendant must show that the error caused him prejudice. *Henderson*, 210 Ariz. at 567, ¶ 20. Because we cannot say

that no reasonable juror could have failed to find Kirby acted intentionally or knowingly as opposed to recklessly in assaulting the officer, we vacate the sentence imposed on the conviction for aggravated assault on a peace officer and remand for resentencing on this conviction.

## CONCLUSION

¶32 For the foregoing reasons, we affirm Kirby's three convictions and the sentences imposed on the convictions for escape and threatening and intimidating, but vacate the sentence imposed on the conviction for aggravated assault and remand for resentencing on that conviction.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama