528 P.2d 629

The STATE of Arizona ex rel. Joe PURCELL, Phoenix City Attorney, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, and the Honorable Howard F. Thompson, Judge thereof, and Carolyn M. FRIEDMAN, Defendant and Real Party In Interest, Respondents.

The STATE of Arizona ex rel. Joe R. PURCELL, Phoenix City Attorney, Petitioner,

v.

The SUPERIOR COURT of Arizona IN AND FOR the COUNTY OF MARICOPA, and Lawrence H. Doyle, Jr., a Judge thereof, and C. R. BROOKS, Real Party In Interest, Respondents.

Nos. 11650 and 11706

Supreme Court of Arizona, In Banc.

Nov. 21, 1974.

Joe R. Purcell, Phoenix City Atty., by Michael D. House and Louis B. Gorman, Asst. City Attys., Phoenix, for petitioner.

Giles, Zielinski & Thur by Calvin C. Thur, Scottsdale, for respondent Friedman.

Ron Kent Hooper, Phoenix, for respondent Brooks.

CAMERON, Vice Chief Justice.

These two petitions for special action were consolidated upon hearing before the Supreme Court because of the similarity of the questions of law involved.

We consider only one question on review: Under Rule 30 of the Rules of Criminal Procedure 1973, 17 A.R.S., titled "Appeals From Non-Record Courts" does the Superior Court lose jurisdiction when trial is not set and commenced within 40 days of the filing of the notice of appeal?

## FACTS

### A. *Carolyn M. Friedman*

Defendant in No. 11650, Carolyn M. Friedman, was tried by a jury and found

guilty in the Phoenix City Court for violation of § 28–692(A), § 28–729(1), and § 28–411(A) A.R.S. On the same day, 19 March 1974, defendant filed her notice of appeal in the Phoenix City Court. On the 22nd day of March 1974, the matter was assigned to The Honorable Robert L. Myers in Division 5 and was, on 25 March 1974, set for trial on 9 April 1974. On 28 March 1974 defendant Friedman filed her notice of change of judge. On 2 April 1974 the above entitled action was transferred to The Honorable Howard E. Thompson, who, on the 3rd of April 1974 set the matter for trial on 30 April 1974.

30 April 1974 was the 42nd day from the date the defendant filed her notice of appeal. If, however, the time from the 28th of March 1974, the date the defendant filed her notice of change of judge, to the date that the matter was assigned to a new judge, 2 April 1974, a total of 5 days, is excluded from the total number of days, then the matter was timely set for trial.

On 29 April 1974 defendant filed her notice to dismiss alleging a violation of the provisions of Rule 30.4, Rules of Criminal Procedure 1973, and on the same day, the 29th of April 1974, the State filed its motion to dismiss appeal. On 1 July 1974 the court granted defendant's motion to dismiss and denied State's motion to dismiss appeal. A petition for special action in this court was filed by the State.

The State points out in its petition that at no time did the defendant move to have the case set for trial, particularly within 25 days of the filing of the notice of appeal and that the State is in no way responsible for the delay in the matter.

### B. *Charles R. Brooks*

In No. 11706, Charles R. Brooks, the defendant, was charged in the City Court with keeping barking dogs in violation of Section 8–2 of the Code of the City of Phoenix 1969.

Defendant was tried and found guilty on 19 June 1974 and on the same day gave his notice of appeal. The case was assigned to The Honorable Kenneth Chatwin on the 24th day of June 1974 and on the 25th day of June said Judge Chatwin set the matter for trial on 23 July 1974. On 15 July 1974 Charles R. Brooks filed a motion and affidavit for change of judge and the trial setting was vacated and the matter transferred back to the presiding judge. On 17 July 1974 the matter was assigned to The Honorable Lawrence Doyle and on 22 July 1974 Charles R. Brooks, through his counsel, filed a request for trial setting. On 7 August 1974 the matter was set for trial for 26 August 1974. Defendant filed a motion to dismiss his complaint and the State moved to dismiss the appeal.

On 26 August 1974, the 68th day from the date defendant filed his notice of appeal, the trial judge granted defendant's motion to dismiss the complaint and denied the State's motion to dismiss the appeal from which the State brought this petition for special action.

In the instant case, even excluding the time resulting from the change of judge on 15 July 1974 to the time that the new judge was assigned in the matter, 17 July 1974, the request for setting trial made on the 22nd of July would be untimely as not being made within the 25 days as required by Rule 30.5 of the Rules of Criminal Procedure 1973. Also, even excluding the time resulting from the delay occasioned by the change of judge, the matter was not set for trial within the 40 days required by Rule 30.4.

### LAW

The pertinent rules read as follows:

"Rule 30.4. *Setting the date for trial*

"Within 7 days after receipt of the record of the case, the appeal shall be entered on the docket, set for trial on a date within 40 days of the filing of the notice of appeal, and the parties notified of the trial date."

"Rule 30.5. *Appellant's duty to prosecute the appeal*

"If within 25 days after the notice of appeal has been filed the case had not yet been set for trial, and the appellant has not moved to have the case set, the appeal shall be dismissed and the judgment of the lower court affirmed. The case shall be remanded to the lower court for further proceedings when a sentence was suspended pursuant to Rule 30.3 or by the posting of bond."

Rule 8.4 of the Rules of Criminal Procedure 1973 concerns excluded periods and states as follows:

"The following periods shall be excluded from the computation of the time limits set forth in Rules 8.2 and 8.3:

"a. Delays occasioned by or on behalf of the defendant, including, but not limited to, delays caused by an examination and hearing to determine competency, the defendant's absence or incompetence, or his inability to be arrested or taken into custody in Arizona."

■ The spirit of Rule 30 is that the one appealing from a court not of record for a trial de novo in the Superior Court has the burden of prosecuting that appeal. As the Comment to Rule 30.5 states:

"The burden of going forward with a *de novo* appeal is placed on the appellant by both case law and statute. Modig v. Superior Court In and For Cochise County, 3 Ariz.App. 287, 413 P.2d 797 (1966); Ariz.Rev.Stat.Ann. § 22–372(B) (1956)."

Rule 30.5 points out the remedy that the defendant has when the trial court fails to provide a trial setting within the time period involved, and places the burden upon the one appealing to move for trial within 25 days after notice of appeal. If he does not pursue this action by asking that the matter be set for trial, his appeal shall be dismissed and the matter returned to the lower court and the judgment enforced against him. When, however, through no fault of the defendant, these time limits cannot be met by the trial court, the trial court itself is not divested of jurisdiction and may set the matter for trial beyond the 40 day limit.

■ We believe and therefore hold that delay occasioned by a motion for change of judge should be excluded as a delay occasioned by or on behalf of the defendant. Therefore time from the filing of the affidavit or motion for change of judge to the reasonable time it takes to assign the case should be excluded time. We also hold that when a matter has been timely set for trial, then there is no need to make a motion for setting within 25 days. However, when the trial setting is vacated for a valid reason such as a change of judge then the time starts running again and the appellant must make a motion for trial setting within 25 days of the vacation of the trial setting.

## DISPOSITION

### A. *Carolyn M. Friedman*

■ Since the motion for change of judge filed by a defendant was a delay occasioned "by or on behalf of the defendant" this time, 5 days, should be excluded from the total computation of time. Trial setting of the defendant Friedman was timely as within the 40 day rule and the trial court was in error in dismissing the matter.

It is therefore ordered in the case of Carolyn M. Friedman, No. 11650, that the order granting defendant's motion to dismiss be set aside and the matter returned to the Superior Court for trial de novo within 30 days of the issuance of the mandate herein.

### B. *Charles R. Brooks*

■ The trial court set the matter for trial within 25 days but vacated the setting because of the change of judge. When the

setting was vacated, we believe that the defendant was required to again timely call to the attention of the court the fact that the matter should be set. The second 25 day peroid started to run again on 15 July 1974 and the motion to set made on the 22nd of July was then timely made. We find no grounds to dismiss the appeal based on the failure to prosecute or failure to set for trial within the 40 days.

It is therefore ordered in the matter of Charles R. Brooks, No. 11706, that the order granting defendant's motion to dismiss be set aside and the matter returned to the trial court for trial within 30 days of the issuance of the mandate herein.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.