530 P.2d 1107
**STATE of Arizona, Appellee,**
v.
**Darwin Loy VANDERLINDEN, Appellant.**
**No. 2933–PR.**

Supreme Court of Arizona,
In Banc.
Jan. 23, 1975.

Gary K. Nelson, The Former Atty. Gen., Bruce E. Babbitt, Atty. Gen., by Stanley L. Patchell, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Rudy Gerber, Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Justice.

Defendant Darwin Loy Vanderlinden was convicted of the offense of grand theft by embezzlement, a felony. A timely appeal was filed, and the Court of Appeals in State v. Vanderlinden, Ariz.App., 519 P.2d 211 (1974) reversed the conviction and ordered a new trial for the defendant. We granted the petition of the State of Arizona for review. The opinion of the Court of Appeals is vacated.

The defendant was employed by an accounting firm and was conducting an audit for the Stacey Construction Company. In the course of the audit the defendant discovered that certain documentary stamps required for company stock certificates were not on the certificates. The cost of the needed stamps was $22. The defendant advised the president of the company of the need for such stamps, and the defendant presented him with a construction company check to purchase the stamps. The president of the company signed the check, and the defendant was entrusted with the check to purchase the necessary documentary stamps.

The evidence discloses that a check in the amount of $22,000 was used by the defendant for his own use in the payment of certain personal obligations. Upon the discovery of the conversion of the $22,000, charges were brought against the defendant for embezzlement.

The actual check was not produced at trial and circumstantial evidence was used to establish the amount. There was a conflict in the evidence as to whether the original check was for $22,000 when signed by the president of the construction company or whether it was for $22 and the amount later altered by the defendant. Testimony was offered that the defendant admitted to two witnesses that the initial amount of the check was $22,000 but that it was really a test of the company's internal security. There was evidence that the checkstub in the checkbook was filled out for the amount of $22.

In the opening statement by defense counsel it was suggested that the use of the funds was actually for the benefit and with the consent of the president of the construction company to purchase an interest in a mobile home park development owned by the defendant. The defendant himself did not testify at trial, and there was very little beyond the opening statement offered to support this defense.

While not urged in the briefs by counsel, the Court of Appeals held that it was error for the trial court to fail to instruct, *sua sponte,* on petty theft by embezzlement, a lesser included offense of that charged in the indictment.

This Court has recognized a duty that the trial court instruct the jury on lesser degrees of homicide suggested by the evidence even though no request is made for such an instruction. State v. Clayton, 109 Ariz. 587, 514 P.2d 720 (1973); State v. Madden, 104 Ariz. 111, 449 P.2d 39 (1969). While this has been the consistent rule applicable to homicide cases, the general rule has also been announced that in the absence of a request for an instruction on a lesser included offense it was not error for a trial court to fail to give such an instruction. State v. Mendoza, 107 Ariz. 51, 481 P.2d 844 (1971); State v. Pollock, 57 Ariz. 415, 114 P.2d 249 (1941); Uren v. State, 27 Ariz. 491, 232 P. 398 (1925); 23A C.J.S. Criminal Law § 1325(3).

The rule requiring instruction, *sua sponte,* on lesser degrees of homicide evolved by reason of the nature of the crime and its seriousness. We decline to extend the rule to other types of offenses. There are essentially two reasons why we believe that the trial court should not be required to, *sua sponte,* instruct on lesser included offenses. In the first instance the strategy of the defense may be that the evidence of the State may not be sufficient to secure a conviction of the greater crime, and the defendant does not want to offer

the alternative of a lesser offense but secure a complete acquittal. This position was outlined by the Court in the *Uren* case:

> ". . . [T]he defendant may take the position, as is often the case, that he is entitled to be acquitted unless he is found by the jury to be guilty of the highest degree of the crime charged, believing the evidence insufficient to convict him of the highest degree of such crime . . . ." Uren v. State, *supra*, 27 Ariz. at 495.

As a further reason, mischief might otherwise occur if a party can remain mute when a court omits an unrequested instruction, counsel knowing that the judgment will be reversed because of the omission. Sisson v. State, 16 Ariz. 170, 141 Pac. 713 (1914).

> "Trial counsel cannot sit back at trial and wait for the trial judge to make errors of omission. It is the duty of trial counsel to try his case." Hebel v. State, 60 Wis.2d 325 at 333, 210 N.W.2d 695 at 700.

■ While it is not error, except in homicide cases, for the trial court to fail to instruct on a lesser included offense if not requested, this does not mean that the trial court may not instruct, *sua sponte,* on a lesser included offense supported by the evidence; nor does it mean that the state may not request an instruction on such a lesser included offense. Our holding simply means that if the defense wants an instruction on a lesser included offense a request must be made, and absent such a request no error may be urged on appeal for the failure of the trial court to give an instruction on a lesser included offense.

■ The questions presented by the defendant may be summarized as to whether it was error for the trial court to refuse to instruct the jury on the distinction between forgery and embezzlement.

In closing argument, the prosecutor confused the crime of embezzlement with our forgery statute:

> "Whether you take his [Vanderlinden's] statements [to third parties] .· . . or whether you take the theory of the State that that check for $22 was not completely made out by [*sic*] was raised to $22,000 by inserting a comma and adding the figure doesn't matter—"

The defense counsel objected stating:

> "Your Honor, I hate to interrupt opposing counsel, but if counsel is arguing the crime of forgery, which has not been introduced into this case, I would ask that the jury be given an instruction that they cannot find my client guilty of embezzlement; if he did, in fact, alter the check, it was forgery."

To which objection the trial court replied:

> "I will instruct the jury on the law that governs the case."

Unfortunately, the trial court did not instruct the jury on the law governing the case. After instructing the jury, the court inquired in open court whether there were any additions to the instructions desired by counsel. The defense counsel stated:

> "Your Honor, as I so rudely interrupted counsel in his closing argument when he made reference to altering a check, there is no evidence in this case that the check was altered. If the check was, in fact, altered, it constitutes a separate and distinct crime from that with which the defendant has been charged.

> "I would move the Court at this time to instruct the jury that if they find that the defendant did, in fact, alter the check, that they cannot find him guilty of the crime of embezzlement."

The court's action was: "Motion denied."

No matter how inartfully the defense counsel may be said to have raised his point, it was clear that he was calling the court's attention to a serious error in the matter presented in the prosecutor's argument, and the court's ruling confirmed that error.

Under Arizona statutes, a person is guilty of theft by embezzlement who:

"Is entrusted with, or has in his control, property for the use of any other person, and fraudulently appropriates to any use or purpose not in the due and lawful execution of his trust the property which he has in his possession or under his control by virtue of his trust, or secretes it with a fraudulent intent to appropriate it to such use or purpose." A.R.S. § 13–682(A)(1).

The indictment charged that the defendant embezzled property of a value of more than $100. The amount due on an evidence of debt is its value for purpose of the embezzlement statute. A.R.S. § 13–688.

One who, without authority, alters a check with intent to defraud is guilty of forgery. A.R.S. § 13–421.

The amount of the check at the time of its entrustment to the defendant is the value of the property for purposes of embezzlement. If the check was altered by the defendant by raising the amount payable, the action of the defendant constituted a violation of the forgery statute, but it did not change the value of the property originally entrusted to him, and the value of the original property entrusted to him is the value for purposes of the embezzlement statute.

If the original check entrusted to the defendant was for $22, the value of the property under the embezzlement statute was $22. If the defendant took the check and altered it by raising the amount payable to $22,000, he would have committed a second offense (forgery), but the amount embezzled would be considered $22.

Since the error was called to the trial court's attention with sufficient clarity to establish the point, the ruling of the trial court allowing the erroneous statements of the prosecutor to stand was reversible error.

The judgment and sentence of the trial court are reversed and the case is remanded for a new trial.

Reversed and remanded.

CAMERON, C. J., STRUCKMEYER, V. C. J., and LOCKWOOD and HAYS, JJ., concur.