542 P.2d 37

**STATE of Arizona, Appellee,**

v.

**Velma Charlene ARNOLD, Appellant.**

**No. 1 CA-CR 1083.**

Court of Appeals of Arizona,
Division 1,
Department A.

Nov. 12, 1975.

Bruce E. Babbitt, Atty. Gen., William J. Schafer III, Chief Counsel, Crim. Div. by John Pressley Todd, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

OPINION

DONOFRIO, Judge.

The appellant was convicted of second degree murder following a trial to a jury. Judgment of guilt was entered on January 24, 1975 and she was sentenced to not less than ten years nor more than ten years and one day in Arizona State Prison.

On appeal appellant argues that it was error for the trial court not to instruct the jury, *sua sponte,* on involuntary manslaughter. We need not reach the question of whether an involuntary manslaughter instruction was warranted under the evidence, even had it been requested. We think the appellant's failure to request the instruction precludes raising the failure to instruct, *sua sponte,* as error on appeal. See Rule 21.3(c) Rules of Criminal Procedure, 17 A.R.S.

Prior to the effective date of the "New Rules," Arizona Rules of Criminal Procedure, effective September 1, 1973, the law was settled that:

"* * * The court is duty-bound to instruct the jury on every degree of homicide embraced in the information and which the evidence suggested may have existed, even though no request has been made therefor. * * *" *State v. Madden,* 104 Ariz. 111, 114, 449 P.2d 39, 42 (1969)

However, one of the Rules which became effective on September 1, 1973 stated:

"Rule 21.3 * * *

"c. Waiver of Error. No party may assign as error on appeal the court's giving or failing to give any instruction or portion thereof or to the submission or the failure to submit a form of verdict unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

The "Comment" of our Supreme Court to this subsection states, *inter alia*:

"* * * However, this provision reverses the rule in *State v. Madden,* 104 Ariz. 111, 449 P.2d 39 (1969), that the court is duty bound in all homicide cases to instruct the jury on all necessarily-included offenses that the evidence will support, regardless of whether or not such instruction is requested."

In light of the unequivocal language of the rule and comment, we must reject appellant's argument. Several reasons dictate our conclusion:

First, we note that the Supreme Court has on occasion cited the "Comments" to support interpretations of the "New Rules." See generally, *State ex rel Purcell v. Superior Court,* 111 Ariz. 285, 528 P.2d 629 (1974). Furthermore, the entire set of rules, comments, and forms was attached to the promulgating order, and all of these components were promulgated as a single package entitled "The 1973 Rules of Criminal Procedure." If interpretation of any of these rules is required, certainly the simultaneously promulgated comments published as part of the "package" should be considered in determining the intent of the Supreme Court in adopting the particular rule.

Second, we find the Supreme Court's rationale for not extending the *Madden* exception to other crimes, equally persuasive in explaining the rejection of *Madden* itself:

"* * * There are essentially two reasons why we believe that the trial court should not be required to, *sua sponte,* instruct on lesser included offenses. In the first instance the strategy of the defense may be that the evidence of the State may not be sufficient to secure a conviction of the greater crime, and the defendant does not want to offer the alternative of a lesser offense but secure a complete acquittal * * *.

* * * * * *

"As a further reason, mischief might otherwise occur if a party can remain mute when a court omits an unrequested instruction, counsel knowing that the judgment will be reversed because of the omission. (Citation omitted)" *State v. Vanderlinden,* 111 Ariz. 378, 530 P.2d 1107 (1975)

*Vanderlinden* did not point out that *State v. Madden,* supra, was no longer the law, but spoke of it as an exception to the "general rule * * * that in the absence of a request for an instruction on a lesser included offense it was not error for a trial court to fail to give such an instruction." 530 P.2d at 1108. We attribute this to the fact that *Vanderlinden* was not a homicide case and that Rule 21.3 was unimportant to the resolution of the issue before the Court, since the case was clearly a pre- "New Rules" decision.[1]

Since appellant did not object to the failure to instruct on involuntary manslaughter, she may not assign as error the failure to so instruct, *sua sponte,* on appeal.

The judgment and sentence are affirmed.

OGG, P. J., Department A, and FROEB, J., concur.

---

[1]. In *State v. Thomas,* Ariz., 540 P.2d 1242 (filed Oct. 8, 1975), our Supreme Court, in dicta, stated that "the court is bound to instruct the jury on every degree of homicide even though there is no request if the instruction is supported by the evidence." However, in Thomas, there is no discussion of the new rules and the court found no evidence to support the giving of an instruction. In the absence of an express ruling by our Supreme Court, we are unwilling to violate the express wording of the rules.