544 P.2d 228

**STATE of Arizona, Appellee,**

v.

**Oscar Edward VOWELL, Appellant.**

**No. 1 CA–CR 880.**

Court of Appeals of Arizona,
Division 1,
Department A.

Jan. 6, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Cleon M. Duke, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Jonathan H. Schwartz, Deputy Public Defender, Phoenix, for appellant.

OPINION

FROEB, Judge.

After a trial by jury appellant was convicted of second degree murder and sentenced to not less than 15 nor more than 25 years in the Arizona State Prison.

The memorandum of appellant's court-appointed counsel was filed in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Appellant's counsel did not raise any arguable issues on appeal. This court granted appellant the opportunity to file a supplemental memorandum in propria persona. Appellant filed a supplemental memorandum and the State, pursuant to an order by this court, filed an answering memorandum. In accordance with A.R.S. § 13–1715, we have reviewed the entire record and have found no fundamental error.

In his supplemental memorandum, appellant raises the single issue of whether it was fundamental error for the court to define for the jury the elements of first and second degree murder at the beginning of the case without including instructions as to the elements of voluntary manslaughter and self-defense. He contends it was error for the jury to sit "through the entire evidentiary part of the trial with no idea that voluntary manslaughter or self-defense might be an issue."[1] Appellant does not claim that the murder instructions were incorrect, only that the court should have, sua sponte, given further instructions at this stage of the case. We note that at the close of the trial the court gave the

[1] This assertion by appellant is contradicted by the fact that in the opening statement by appellant's attorney (which was made immediately after the prosecution's opening statement), the jury was informed that appellant planned to present evidence as to self-defense.

jury instructions relating to voluntary manslaughter and self-defense, as well as instructions pertaining' to murder. Since appellant made no objection to the trial judge's preliminary instructions and did not request additional preliminary instructions, we confine our review to whether the failure to give further preliminary instructions constituted fundamental error, which we will review on appeal even though not raised in the trial court.

■ The Rules of Criminal Procedure provide that immediately after the jury is sworn, the trial court shall instruct the jury concerning the elementary legal principles that will govern the proceedings. Rule 18.6. This is in accordance with the A.B.A. Standards Relating to Trial by Jury (Approved Draft, 1968, Section 4.-6(d)). There is, however, no rule either requiring or prohibiting the giving of preliminary instructions on the elements of the crime charged. This is a matter within the discretion of the trial court. Thus, the failure of the court to give, sua sponte, additional instructions at the preliminary stage is not a fundamental error, and would normally not be error of any kind.

■ The fact that the charge is murder, as in the current case, does not alter the rule. It is true that the Arizona Supreme Court in *State v. Madden*, 104 Ariz. 111, 449 P.2d 39 (1969), held that the court was duty bound in all homicide cases to instruct the jury (referring to the conclusion of the case) on all necessarily included offenses supported by the evidence, regardless of whether such instructions were requested. Rule 21.3, however, reverses the *Madden* decision on this point. See comment to Rule 21.3. We may conclude, therefore, that since the court is not required in homicide cases to instruct, sua sponte, as to lesser included offenses, that the same reasoning would apply, even more conclusively, to the giving of *preliminary* instructions.

■ In *State v. Vanderlinden*, 111 Ariz. 378, 530 P.2d 1107 (1975), the court stated:

* * * There are essentially two reasons why we believe that the trial court should not be required to, *sua sponte,* instruct on lesser included offenses. In the first instance the strategy of the defense may be that the evidence of the State may not be sufficient to secure a conviction of the greater crime, and the defendant does not want to offer the alternative of a lesser offense but secure a complete acquittal. . . .

*  *  *  *  *  *

As a further reason, mischief might otherwise occur if a party can remain mute when a court omits an unrequested instruction, counsel knowing that the judgment will be reversed because of the omission. (citation omitted) [530 P.2d at 1108–1109]

Since the charges against the defendant are read to the jury at the outset of the trial, it may be helpful for the court to explain the elements of the crime at that time to assist the jury in evaluating the evidence as it is presented. However, the giving, sua sponte, of further instructions as to possible defenses or lesser included offenses could infringe upon the appellant's trial strategy and work to his prejudice. It is precisely for this reason Criminal Rule 21.3 requires a party to make a timely objection to instructions the court either gives or fails to give.

In conclusion, we hold that it was not fundamental error for the trial court to give preliminary instructions on the elements of murder without also giving the elements of self-defense and voluntary manslaughter.

Judgment affirmed.

OGG, P. J., and DONOFRIO, J., concur.