752 P.2d 494

**STATE of Arizona,
Appellant/Cross–Appellee,**

v.

**Wesley Neal WHITTLE,
Appellee/Cross–Appellant.**

**No. CR–86–0078–PR.**

Supreme Court of Arizona,
En Banc.

Feb. 23, 1988.

Stephen D. Neely, Pima Co. Atty. by Kenneth J. Peasley, Pima County Deputy Atty., Tucson, for appellant/cross-appellee.

Stanton Bloom, Jeffrey D. Bartolino, Tucson, for appellee/cross-appellant.

HOLOHAN, Justice.

Defendant Wesley Neal Whittle was tried on one count of first degree murder. After a trial by jury, he was convicted of the lesser included offense of second degree murder, dangerous nature. A.R.S. §§ 13-1104, -604. After defendant's conviction, the trial court granted the defendant's motion for a new trial because the jury should not have been given an instruction on reckless second degree murder. The state appealed, and the Court of Appeals reversed the order for new trial and remanded the case for sentencing. *State v. Whittle*, 156 Ariz. 400, 752 P.2d 489 (App.1985). We granted the defendant's petition for review.

Two issues are presented for review. First, should the trial court have instructed the jury *sua sponte* on all lesser degrees of homicide supported by the evidence despite trial counsel's waiver? Second, was it fundamental error not to instruct the jury on voluntary intoxication?

The facts of this case are fully set forth in the court of appeal's opinion, *State v. Whittle, supra.* For purposes of this opinion, we briefly summarize those facts.

The defendant and the victim became drunk at a local bar. Later, friends drove them to the defendant's house. Thereafter, no one saw or heard from the victim until several days later when her nude body was found in an area near the Marana Air Park. The body had been covered by trash, and certain items were found in the trash which had come from the defendant's premises.

The medical evidence disclosed that the victim had died as a result of a single gunshot wound to the head. The time of death was estimated to be 48 to 96 hours before the discovery of the body.

The state proved that on the day the body was discovered the defendant left the city and went to another state. Later, when the defendant was apprehended, he denied being in Arizona at the time of the homicide and claimed that the victim was not known to him.

At trial, the defense denied any responsibility for the victim's death. Counsel for the defendant sought to have the jury consider the defendant's guilt or innocence solely on the charge of first degree murder. Pursuant to this policy, the defense counsel objected to the trial court's instruction on second degree murder, and he did not offer or request instructions on any other lesser included offenses. Following the defendant's conviction of second degree murder, the trial court granted the defendant's motion for a new trial because the trial judge believed that there was no evidence to support an instruction on reckless second degree murder. After the court of appeals reversed and upheld the second degree murder instruction, the defense urged in its petition for review in this court that if an instruction on second degree murder was justified, the trial court should have also instructed on every degree of homicide supported by the evidence.

Rule 21.3(c), Rules of Criminal Procedure, 17 A.R.S.,[1] is contrary to the position advanced by the defense. Under the cited rule a party may not assign as error on appeal the failure to give an instruction unless the party objects to such failure in the trial court. *State v. Vickers*, 129 Ariz. 506, 512-13, 633 P.2d 315, 321-22 (1981); *State v. Ceja*, 113 Ariz. 39, 44, 546 P.2d 6, 11 (1976); *State v. Arnold*, 25 Ariz.App. 199, 542 P.2d 37 (1975). Nor does Rule 23.3, Rules of Criminal Procedure, require a different result. Although the latter rule requires that the trial court submit forms

---

1. Rule 21.3 currently states, in relevant part: "No party may assign as error on appeal the court's giving or failing to give any instruction or portion thereof or to the submission or the failure to submit a form of verdict unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

of verdicts for all offenses necessarily included in the offense charged, Rule 21.3(c) specifically provides that failure to submit a form of verdict may not be assigned as error on appeal unless the party made a timely objection in the trial court.

There are two exceptions to the waiver of error provisions of Rule 21.3(c). The first exception occurs in potential death penalty cases. In such a case, the trial judge is required to instruct on lesser included offenses when supported by the evidence, even if not requested by the defendant. *Vickers*, 129 Ariz. at 513, 633 P.2d 315; *State v. Dalglish*, 131 Ariz. 133, 139, 639 P.2d 323, 329 (1982); *State v. Celaya*, 135 Ariz. 248, 255, 660 P.2d 849, 856 (1983); *State v. Lamb*, 142 Ariz. 463, 472, 690 P.2d 764, 773 (1984).

■ Although the charge in the case under review was first degree murder, the prosecution had advised the court and the defense counsel before the selection of the jury that the state would not seek the death penalty, and the prosecution in the event of conviction would not offer any evidence to establish any of the aggravating circumstances required to support the imposition of a death sentence. The case was, therefore, not a potential death penalty case, and the first exception to the provisions of Rule 21.3(c) is not applicable.

The second exception to the waiver provisions of Rule 21.3(c) arises in those cases in which the failure to give an instruction and verdict form amounted to fundamental error. In discussing the standard of review to be applied when there has not been a request for an instruction on a lesser-included offense, we stated:

> Recently, our court of appeals discussed the standard of review to be used when no request for an instruction on a lesser-included offense has been made. It stated:
>
> > [A] failure to instruct, absent a request, should be examined to determine if fundamental error has occurred. Fundamental error is error of

such dimensions that it cannot be said it is possible for a defendant to have had a fair trial. * * *

Reversal is required because the error went to the very foundation of his theory of the case and took away a right essential to his defense.

*State v. Flores*, 140 Ariz. 469, 474, 682 P.2d 1136, 1141 (App.1984) (citations omitted). We agree with this standard of review. Although in capital cases, a defendant has a constitutional right pursuant to the due process clause to a *sua sponte* instruction on all lesser-included counts of first degree murder, *Beck v. Alabama*, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), this holding has not been extended to noncapital offenses. Thus, unless failure to instruct the jury would fundamentally violate defendant's right to a fair trial, the court is under no obligation to give the charge, absent a request. As the court in *Flores, supra,* explained, fundamental error only occurs when failure to give the contested charge interferes with defendant's ability to conduct his defense.

*State v. Lucas*, 146 Ariz. 597, 603–04, 708 P.2d 81, 87–88 (1985).

■ Applying the standard of review outlined in *Lucas* it is apparent that the failure to give instructions on other possible lesser included offenses did not interfere with the defendant's ability to conduct his defense. The tack taken by the defense was that the jury should be required to decide the case on the offense charged and not some lesser charge. Since the defendant did not want even a second degree murder instruction, the failure of the trial court to instruct on any other possible lesser included offenses cannot be considered an interference with the defendant's theory of the case nor denial of any right essential to his defense.

We conclude that the failure of the trial court to instruct on any other lesser included offenses, other than second degree murder, cannot be considered error.[2]

---

2. The Court of Appeals held that the defendant relieved the trial court of the burden of instructing, *sua sponte,* on every degree of homicide by adopting an all or nothing strategy, objecting to

**408**

### Voluntary Intoxication

■ The defendant next contends that it was fundamental error for the trial court not to instruct the jury on voluntary intoxication. Since one of the rationales used by the Court of Appeals to support reckless second degree murder was the evidence of defendant's intoxication, the defendant contends that an instruction on voluntary intoxication was fundamental to the defense. The defendant did not request an instruction on intoxication, and ordinarily a defendant may not assign as error the trial court's failure to give the jury an intoxication instruction, when the defendant did not request one or object to the failure to give one. Such failure to instruct does not constitute fundamental error. *State v. Gillies*, 135 Ariz. 500, 662 P.2d 1007 (1983), *appeal after remand*, 142 Ariz. 564, 691 P.2d 655 (1984), *cert. denied*, 470 U.S. 1059, 105 S.Ct. 1775, 84 L.Ed.2d 834 (1985); Rule 21.3, Ariz.R.Crim.Pro., 17 A.R.S.

■ The defendant's intoxication does not appear to have been argued to the jury. The defense presented was that the defendant did not commit the crime, not that he was intoxicated. There was no direct evidence which would indicate whether the defendant was intoxicated when he shot the victim. Although we agree with the Court of Appeals that an instruction on reckless second degree murder was proper, we do not reach that conclusion based on the possible intoxication of the defendant. The use of a deadly weapon, the nature of the fatal wound, the concealment of the body, and flight are all factors which suggest that the defendant in firing the gun intended to kill the victim, but the factors also support the conclusion, absent any other explanation, that in the use of the lethal weapon the defendant showed an extreme indifference to human life. *See State v. Reffitt*, 145 Ariz. 452, 702 P.2d 681 (1985);

the court's instructions on second degree murder and failing to request instructions on all other lesser degrees of homicide. The court treated the actions of the defense as waiver or invited error. We decline to consider whether defendant's actions might also constitute invited error.

*State v. Watkins*, 126 Ariz. 293, 614 P.2d 835 (1980).[3]

The opinion of the Court of Appeals is approved as modified by the views expressed in this opinion, and the order of the superior court granting a new trial is reversed. The case is remanded for sentencing.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON, J., concur.

MOELLER, J., did not participate in the determination of this matter.

**3.** *Reffitt, Watkins* and the present case should be contrasted to *State v. Dalglish*, 131 Ariz. 133, 139, 639 P.2d 323, 329 (1982), where we found an instruction on reckless murder was precluded by defendant's own testimony showing the shot which killed the victim was deliberate and intentional.