NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

LORENZO DAMIAN, JR., *Appellant.*

No. 1 CA-CR 13-0449
FILED 09-23-2014

Appeal from the Superior Court in Maricopa County
No. CR2012-127793-001
The Honorable Brian Kaiser, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Myles A. Braccio
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mikel Steinfeld
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Chief Judge Diane M. Johnsen joined.

**J O N E S,** Judge:

**¶1** Defendant Lorenzo Damian Jr. appeals his conviction and sentence for possession of marijuana for sale. Damian argues the trial court abused its discretion in refusing to grant his request for a mistrial, and in failing to *sua sponte*[1] impose any lesser remedy, when a police officer improperly referred to the existence of a video recording of Damian's interrogation that was precluded from evidence. For the reasons that follow, we affirm.

## FACTS[2] AND BACKGROUND

**¶2** In the early morning hours of May 26, 2012, several law enforcement officers executed a search warrant at the home Damian resided in with his mother. During the search, an officer found an envelope containing a set of keys taped to the back of a picture hanging on the wall in a bedroom. The keys unlocked the trunk of a car parked in the garage. When the officers unlocked the trunk, they discovered a cooler containing 1.32 pounds of marijuana in two separate bags, a box of plastic baggies, a pair of scissors, and a pay stub with Damian's name on it. Also found in the home and garage were two scales, several pieces of mail addressed to Damian, a marijuana dispensary "business card" for the "Cannibas King," and additional plastic baggies of varying sizes. When Damian was arrested, officers found $692 on his person.

**¶3** At trial, Damian stipulated to the majority of the evidence, including the marijuana, the bags, the scale, and the photographs taken during the execution of the warrant. The State offered evidence that the quantity and packaging of the marijuana, the close proximity of the scales and baggies, and the absence of any

---

[1] "*Sua sponte*" is defined as "without prompting or suggestion; on its own motion." Black's Law Dictionary (9th ed. 2009).

[2] "We view the facts in the light most favorable to sustaining the convictions, with all reasonable inferences resolved against the defendant." *State v. Riley*, 196 Ariz. 40, 42, ¶ 2, 992 P.2d 1135, 1137 (App. 1999) (citing *State v. Valencia*, 186 Ariz. 493, 495, 924 P.2d 497, 499 (App. 1996)).

smoking paraphernalia, were indicative of possession for sale, rather than use. Additional evidence was introduced that drug dealers would typically carry large sums of money on their person, as Damian had, and keep marijuana in a cooler to conceal the substance and its distinct odor.

¶4         Damian moved to preclude from admission at trial the video recording of his interrogation on the basis it was not timely disclosed. The trial court granted Damian's motion, but permitted testimony regarding statements made by Damian during the interrogation, the substance of which were previously disclosed. The trial court advised the prosecutor that the testifying officer should take care not to refer to the existence of a video recording, to avoid inviting inquiry from the jury as to the reasons the recording was not entered into evidence. The trial court specifically suggested that if the officer's memory was attacked, he could "testify to having reviewed his notes or report without saying that there is a video of [the interrogation]."

¶5         During cross-examination, however, the officer mentioned the video recording on two occasions. When Damian's attorney examined the officer regarding the length of the interrogation, he responded, "If you want an exact number, you should really refer to the recordings," and after further questioning, stated, "I'll take your word for it if that's what the tape says." Damian moved for a mistrial based upon improper admission of evidence referencing the video recording of his interrogation. The trial court denied the motion, finding Damian's counsel "opened the door" through his line of questioning. Damian did not ask the trial court to strike the testimony, give a special instruction, or provide any lesser remedy.

¶6         At the conclusion of trial, the jury found Damian guilty of possession of marijuana for sale. He was sentenced to a mitigated term of eight years, plus two years because the offense was committed while Damian was on felony release. Damian filed a timely notice of appeal, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1),[3] 13-4031, and 13-4033(A)(1).

## DISCUSSION

¶7         A declaration of mistrial is "'the most dramatic remedy for trial error and should be granted only when it appears that justice will be thwarted unless the jury is discharged and a new trial granted.'" *State v. Dann,* 205 Ariz. 557, 570,

---

[3] Absent material revisions from the relevant date, we cite a statute's current version.

¶ 43, 74 P.3d 231, 244 (2003) (quoting *State v. Adamson*, 136 Ariz. 250, 262, 665 P.2d 972, 984 (1983)). In determining whether to grant a mistrial, the trial court considers "whether the remarks call attention to information that the jurors would not be justified in considering for their verdict, and whether the jurors in a particular case were influenced by the remarks." *State v. Jones*, 197 Ariz. 290, 304, ¶ 32, 4 P.3d 345, 359 (2000). We review a trial court's denial of a motion for mistrial for abuse of discretion, *id.*, and reverse only where there is a "'reasonable probability' that the verdict would have been different had the [improper] evidence not been admitted." *State v. Hoskins*, 199 Ariz. 127, 142–43, ¶ 57, 14 P.3d 997, 1012–13 (2000) (citing *State v. Atwood*, 171 Ariz. 576, 639, 832 P.2d 593, 656 (1992)).

**¶8** We conclude the trial court did not abuse its discretion in denying the request for mistrial based upon the officer's improper reference to the recording. A mistrial is not appropriate every time a witness unexpectedly volunteers an inadmissible statement. *Adamson*, 136 Ariz. at 262, 665 P.2d at 984; *see also Dann*, 205 Ariz. at 570, ¶ 46, 74 P.3d at 244 (finding no abuse of discretion in denying mistrial after witness unexpectedly volunteered that defendant had been in prison); *Jones*, 197 Ariz. at 304, ¶ 32, 4 P.3d at 359 (holding that witness's "relatively vague references to other unproven crimes and incarcerations" did not create undue prejudice and finding no abuse of discretion in denying mistrial). Instead, the remedy rests within the sound discretion of the trial court, which must evaluate the situation and decide an appropriate course of action in light of the specific facts and circumstances presented. *See Adamson*, 136 Ariz. at 262, 665 P.2d at 984. We give deference to the trial court's ruling because it is in the best position to evaluate "'the atmosphere of the trial, the manner in which the objectionable statements were made, and the possible effect it had on the jury and the trial.'" *State v. Bible*, 175 Ariz. 549, 598, 858 P.2d 1152, 1201 (1993) (quoting *State v. Koch*, 138 Ariz. 99, 101, 673 P.2d 297, 299 (1983)).

**¶9** Here, the officer's brief references to "the recording" and "tape," although improper and inadmissible, did not trigger any apparent curiosity in the jurors as to why the tape was not shown; the jurors did not ask any follow-up questions about the tape or the recording. Nor did the prosecutor refer to the recording in closing argument. Under these circumstances, there was no indication that the jurors were influenced by the remarks. Moreover, in light of the insignificance of the references to the video recording and the overwhelming circumstantial evidence supporting the conviction, there is no reasonable probability that the references solicited by Damian's counsel could have meaningfully affected the jury's verdict.

**¶10** Nor are we persuaded the trial court was required to impose some lesser remedy where none was requested. A defendant cannot simply lay in wait

for the court to make alleged errors of omission in lieu of trying his case. *State v. Vanderlinden*, 111 Ariz. 378, 380, 530 P.2d 1107, 1109 (1975) ("[M]ischief might otherwise occur if a party can remain mute when a court omits an unrequested [lesser included offense] instruction, counsel knowing that the judgment will be reversed because of the omission.")

¶11  Damian argues that his counsel did not invite the testimony; however, we need not address this issue because we defer to the trial court's evaluation of the impact of the brief testimony, and find no abuse of discretion in its decision to direct Damian's counsel to "move on," rather than draw additional attention to the statements through further remedial action. *See Shannon v. U.S.*, 512 U.S. 573, 586 (1994) (acknowledging inevitable result of instruction may be to draw jury's attention toward information it should ignore).

¶12  For the foregoing reasons, we affirm Damian's conviction and sentence.



Ruth A. Willingham · Clerk of the Court
FILED: gsh