NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

LYNNETTE SUE HARDISTY, *Appellant.*

No. 1 CA-CR 17-0522
FILED 8-2-2018

Appeal from the Superior Court in Maricopa County
No.  CR2016-152987-001
The Honorable Laura J. Giaquinto, Judge *Pro Tempore*
The Honorable Jacki Ireland, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael T. O'Toole
*Counsel for Appellee*

DM Cantor, Phoenix
By Omer R. Gurion
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Paul J. McMurdie joined.

---

**J O H N S E N**, Judge:

**¶1**         Lynnette Sue Hardisty appeals her aggravated assault conviction.  We affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**         Two Phoenix police officers approaching a freeway entrance in a marked patrol vehicle saw Hardisty pushing a grocery cart up the middle of the on-ramp.[1]  At trial, one of the officers testified Hardisty was blocking traffic and "flipping everybody the bird."  The officers stopped their car, turned on their emergency lights and shouted at Hardisty to get off the freeway.  After they identified themselves as police, she glanced back at them, then continued up the ramp.

**¶3**         The officers then approached Hardisty and grabbed her arms, but she tried to pull away.  As they moved her to the side of the ramp and tried to handcuff her, she yelled and kicked at the officers.  One of her kicks struck an officer's knee, causing him pain.  At trial, Hardisty denied kicking the officer and claimed the police were physically aggressive with her because they thought she was homeless.

**¶4**         The State charged Hardisty with aggravated assault, a Class 5 felony, and the jury convicted her.  The superior court suspended sentence and imposed two years of supervised probation.

**¶5**         Hardisty filed a timely appeal, and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2018), 13-4031 (2018), and -4033(A)(1) (2018).

---

[1]     We view the facts in the light most favorable to sustaining the verdict.  *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

## DISCUSSION

### A.    Plea Offer Advisement.

¶6           Hardisty argues the superior court erred at a pretrial conference when it failed to define for her the nature of an undesignated felony during an "on-the-record conversation" regarding the State's plea offer.  During the pretrial conference, the prosecutor said the State was offering to allow Hardisty to plead guilty to aggravated assault, a Class 6 undesignated felony with a stipulation for supervised probation.  The prosecutor told Hardisty of the possible penalties she faced if convicted of the charged offense.  The court then asked Hardisty if she understood the plea offer and the consequences of rejecting it.  Hardisty stated that she understood the offer and declined to accept it.

¶7           In a later pretrial proceeding, Hardisty's counsel commented that the State had invited her "to propose an alternate plea offer," but that she was "not interested in requesting a plea offer."  At trial, Hardisty testified that she "would have taken the plea bargain with the State," but that she "strongly" believed the officers intended to assault her.  At sentencing, Hardisty stated she wished she had understood the plea bargain "a little bit better," but ultimately said that she had taken her case to trial because she was "offended" by the officers' conduct.

¶8           In *State v. Donald*, 198 Ariz. 406, 418, ¶ 46 (App. 2000), this court held that a defendant "suffers a constitutionally significant injury" when the defendant "loses a favorable plea bargain as a consequence of ineffective assistance of counsel."  A defendant has a Sixth Amendment right to have counsel inform him or her of a plea offer, but, absent prejudice, a defendant is not entitled to a remedy for a violation of that right.  *Id*. at 413, ¶¶ 14, 15.  *See also Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Like any claim of ineffective assistance of counsel, a claim of ineffective assistance in connection with plea negotiations cannot be raised in a direct appeal, but must be raised instead in a post-conviction proceeding under Arizona Rule of Criminal Procedure 32.  *State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 415, ¶ 20 (2007).

¶9           Hardisty does not claim ineffective assistance of counsel, but argues from *Donald* that when the superior court "engage[s] in an on-the-record conversation" with a defendant about a plea offer and its possible consequences, the court undertakes a duty to ensure the defendant understands the terms of the offer.  Hardisty contends she is entitled to a

new trial because the court failed to adequately explain the State's plea offer to her.

¶10        Hardisty cites no authority for her argument, and we have found none. Nor does she offer any authority for her contention that a violation of a defendant's right to be informed of a plea offer entitles the defendant to a new trial. And finally, she cannot establish prejudice because the record, including own comments recounted above, demonstrates that she would not have accepted any plea offer.

## B.      Jury Instruction on Lesser-Included Offense.

¶11        The superior court instructed the jury it could convict Hardisty of aggravated assault if it found the State proved both that she "knowingly touched another person with the intent to injure, insult, or provoke that person," *see* A.R.S. § 13-1203(A)(3) (2018), and that she "knew or had reason to know that the person assaulted was a peace officer," *see* A.R.S. § 13-1204(A)(8)(a) (2018). Hardisty did not object to the jury instructions, nor did she request a jury instruction on the lesser-included offense of assault.

¶12        On appeal, she argues the superior court erred when it failed *sua sponte* to instruct the jury on the lesser-included offense of assault. Because she did not raise this issue at trial, we review for fundamental error. *State v. Jurden*, 239 Ariz. 526, 528, ¶ 7 (2016).

¶13        In a non-capital case, the superior court need not *sua sponte* instruct the jury on all lesser-included offenses. *State v. Whittle*, 156 Ariz. 405, 406-07 (1988). Under this rule, "fundamental error only occurs when failure to give the contested charge interferes with defendant's ability to conduct his defense." *Id.* Put differently, "unless failure to instruct the jury would fundamentally violate defendant's right to a fair trial, the court is under no obligation to give the charge, absent a request." *State v. Lucas*, 146 Ariz. 597, 604 (1985) *overruled in part on other grounds by State v. Ives*, 187 Ariz. 102, 106-08 (1996).

¶14        No error of any sort occurred here. Even if the defendant asks for the instruction, the court may instruct the jury on a lesser-included offense only if the evidence is such "that a rational juror could conclude that the defendant committed only the lesser offense." *State v. Wall*, 212 Ariz. 1, 4, ¶ 18 (2006) (citing *State v. Caldera*, 141 Ariz. 634, 636-37 (1984)). Under A.R.S. § 13-1204(A)(8)(a), a simple assault becomes an aggravated assault if it is committed against a police officer. At trial, Hardisty acknowledged that she knew the victim was acting as a police officer at the time of the

4

offense. Accordingly, the evidence would not have allowed the jury to find her guilty of simple assault alone.

## C. The Response to the Jury's Question.

**¶15** During jury deliberations, the superior court received a request from the jury for "the meaning of provoke and insult." *See* A.R.S. § 13-1203(A)(3). Hardisty's counsel suggested the court respond by instructing the jury to "rely on your collective understanding of what the words might be." The court agreed and instructed the jurors "to rely on your collective understanding of these two words."

**¶16** Hardisty now argues the superior court committed structural error when it responded to the question. She argues the court should have instructed the jury to consider the "ordinary meaning" of the words "provoke and insult" rather than their "collective understanding."

**¶17** Hardisty offers no relevant authority in support of her argument, and no error occurred. The court is not required to define a commonly understood word or phrase used in a jury instruction. *State v. Forde*, 233 Ariz. 543, 564-65, ¶ 82 (2014) (no fundamental error when court did not define "theft" in felony murder instruction).

## CONCLUSION

**¶18** For the foregoing reasons, we affirm Hardisty's conviction and the resulting imposition of probation.



AMY M. WOOD • Clerk of the Court
FILED: AA