NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

KIM C. KRISTOFF, *Appellant.*

No. 1 CA-CR 20-0290
FILED 9-14-2021

Appeal from the Superior Court in Maricopa County
No.  CR 2017-151263-001
The Honorable Kathleen H. Mead, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eliza C. Ybarra
*Counsel for Appellee*

Curry, Pearson & Wooten PLC, Phoenix
By Kristen Curry
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Samuel A. Thumma and Chief Judge Kent E. Cattani joined.

**C A M P B E L L**, Judge:

¶1        Defendant Kim C. Kristoff appeals from his convictions for public sexual indecency, sexual conduct with a minor, and child molestation. For the following reasons, we affirm.

## BACKGROUND[1]

¶2        Kristoff is the father of Mary, born in 1987, Kaci, born in 1992, as well as two sons. In 2017, both of Kristoff's daughters, now adults, told their mother, who at the time was Kristoff's wife, that Kristoff had sexual contact with them—when Mary was about eight and Kaci about three or four years old. Kristoff's wife told him she wanted a divorce and threatened that their children would never speak to him again unless he apologized for what he had done.

¶3        About a week later, Kaci called Kristoff and recorded their conversation (the "Confrontation Call") during which Kristoff made incriminating statements. Several weeks later, police coordinated a phone call between Mary and Kristoff. During that call, Kristoff denied ever having contact with Mary that was sexual in nature, except the conduct he specifically confessed to in the Confrontation Call. The following month, a detective approached Kristoff to discuss the allegations. At that time, Kristoff denied that the voice in the Confrontation Call recording was his. However, in emails and in a recorded call with Mary, Kristoff had admitted he participated in the Confrontation Call.

¶4        As relevant here, the State charged Kristoff with one count of sexual conduct with a minor (Count 1), related to the incident with Mary. *See* A.R.S. § 13-1405. The State also charged Kristoff with two counts of child molestation (Counts 3 and 6), A.R.S. § 13-1410, one count of public sexual

---

[1]        "We view the facts in the light most favorable to sustaining the convictions." *State v. Robles*, 213 Ariz. 268, 270, ¶ 2 (App. 2006). We also use pseudonyms to protect the privacy of the victims.

indecency (Count 4), A.R.S. § 13-1403, and one count of sexual conduct with a minor (Count 5), A.R.S. § 13-1405, all related to the incidents with Kaci.

¶5        Both Mary and Kaci testified at trial. Kristoff, who testified on his own behalf, denied each of the sexual acts described by Kaci and testified the story he told her in the Confrontation Call was a lie. He explained, "I actually believed in the moment that telling her something that perhaps she would believe, even though I knew it did not happen, might actually be the end of the discussion." Kristoff claimed he made up the stories to keep his daughter on the phone because he was afraid if he did not apologize, his children would never talk to him again. Kristoff testified the incidents Kaci described were never sexually motivated.

¶6        The jury convicted Kristoff of Counts 3, 4, 5, and 6, as well as the lesser-included offense—child molestation—for Count 1. The superior court sentenced Kristoff to 39 years in prison. Kristoff timely appeals.

## DISCUSSION

¶7        On appeal, Kristoff raises two issues concerning the omission of two jury instructions. He acknowledges he never raised either issue in the superior court, nor did he object to their omission in the final instructions, limiting our review on appeal. Ariz. R. Crim. P. 21.3(b).

## I.        Contributing to Delinquency of a Child

¶8        Kristoff first argues the superior court erred by failing to sua sponte instruct the jury on the lesser-included offense of contributing to the delinquency of a child regarding two of his child molestation charge—Counts 3 and 6.[2] *See* A.R.S. § 13-3613.

¶9        A defendant may—for strategic reasons—decide against requesting a lesser-included offense instruction, hoping for an acquittal on all charges rather than being convicted of a lesser-included offense. See *State v. Whittle*, 156 Ariz. 405, 407 (1988) (recognizing the defense strategy

---

[2]        The State argues the superior court did not err because, under *State v. Carter*, 249 Ariz. 312, 315–16, ¶¶ 9–11 (2020), contributing to the delinquency of a child should no longer be considered a lesser-included offense of child molestation. "Because evidence of the elements of molestation will always be sufficient to prove the elements of contributing to the delinquency of a [child], contributing to the delinquency of a [child] remains a lesser-included offense of molestation." *State v. Agueda*, 250 Ariz. 504, 509, ¶ 19 (App. 2021).

"that the jury should be required to decide the case on the offense charged and not some lesser charge."). If the defendant fails to request a specific instruction, he waives any right to have it given. *State v. Puffer*, 110 Ariz. 180, 181–82 (1973). Under such circumstances, "unless failure to instruct the jury would fundamentally violate defendant's right to a fair trial, the court is under no obligation to give the charge, absent a request." *State v. Lucas*, 146 Ariz. 597, 604 (1985), *overruled in part on other grounds by State v. Ives*, 187 Ariz. 102, 106–08 (1996); *see also* Ariz. R. Crim. P. 21.3(b) ("If a party does not make a proper objection, appellate review may be limited."); *Whittle*, 156 Ariz. at 407 (explaining the superior court need not sua sponte instruct the jury on a lesser-included offense in a non-capital case unless the failure to do so "interferes with defendant's ability to conduct his defense") (citation omitted). Because Kristoff failed to request the instruction, or to object to the omission of the instruction in the superior court, we must assume he did so for strategic reasons. By failing to request it, Kristoff waived the right to have the court give the lesser-included offense instruction.

## II.     Lack of Sexual Interest Motivation

¶10         Kristoff next argues the superior court erred by failing to instruct the jury that, under A.R.S. § 13-1407(E) (Supp. 1994), lack of sexual interest motivation is an affirmative defense to child molestation, Counts 1, 3, 5, and 6. Almost a year before trial, Kristoff notified the State he intended to prove this defense and requested this instruction in his initial proposed jury instructions. But defense counsel did not raise the defense in her opening statement or closing argument, nor did she object when the court failed to include the instruction in the final instructions, as required under Arizona Rule of Criminal Procedure 21.3(b).

¶11         The State argues Kristoff's failure to address the lack of sexual-interest-motivation defense during opening statement or closing argument and to object to the omission of the instruction demonstrate a strategic abandonment of the defense at trial. We agree.

¶12         Kristoff's opening statement and closing argument, in conjunction with his testimony, which emphatically denied all sexual contact with his children, demonstrate a strategic choice to abandon the defense. To be successful in presenting this affirmative defense, Kristoff would have to admit the sexual contact, but negate the motive for the conduct. He could not deny all sexual contact and then press a defense that necessarily required the physical touching of the minors.

¶13        "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *State v. Speers*, 238 Ariz. 423, 428, ¶ 16 (App. 2015) (citing *Strickland v. Washington*, 466 U.S. 668, 690 (1984)). The court was not obligated to instruct the jury on a defense Kristoff abandoned and because Kristoff failed to object before the jury retired, we affirm. Ariz. R. Crim. P. 21.3(b); *see State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005) (explaining that courts "discourage a defendant from tak[ing] his chances on a favorable verdict, reserving the 'hole card' of a later appeal on [a] matter that was curable at trial, and then seek[ing] appellate reversal'") (quotation omitted). Here, Kristoff abandoned the affirmative defense of lack of sexual motivation when he adopted the defense of actual innocence.

## CONCLUSION

¶14        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA