299 P.3d 751

**STATE of Arizona, Appellee,**

v.

**Rick Wayne VALENTINI aka Bryan Allen Stewart, Appellant.**

**No. 1 CA–CR 12–0031.**

Court of Appeals of Arizona, Division 1, Department C.

April 25, 2013.

---

Thomas C. Horne, Arizona Attorney General by Joseph T. Maziarz, Acting Chief Counsel, Criminal Appeals/Capital Litigation Division and Michael T. O'Toole, Assistant Attorney General, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender by Louise Stark, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

THUMMA, Judge.

¶ 1 Rick Wayne Valentini, aka Bryan Allen Stewart, appeals his conviction and sentence for second-degree murder on the grounds he was deprived of the right to a unanimous verdict by a duplicitous indictment, erroneous jury instructions and a faulty verdict form. Because there was no error, Valentini's conviction and sentence are affirmed.

## FACTS AND PROCEDURAL HISTORY

¶ 2 A grand jury indicted Valentini on one count of second-degree murder for causing the death of Jamie L. with one of the following mental states: (1) intentionally, without premeditation *or* (2) knowing that his conduct would cause death or serious physical injury *or* (3) recklessly engaging in conduct that created a grave risk of death, under circumstances manifesting extreme indifference to human life. The court instructed the jury on the three alternate mental states required for second-degree murder[1] and,

---

1. The jury instruction given states:

The crime of second degree murder requires

without objection, provided the jury with a single verdict form that did not ask the jury to specify the mental state found for a guilty verdict.

¶ 3 Without objection, Valentini's counsel argued during closing that to convict Valentini, the members of the jury were required to agree unanimously on which of the three mental states—intentionally, knowingly or recklessly—they found the State had proven beyond a reasonable doubt. In responding to a jury question on the point during deliberations, over Valentini's objection, the court instructed the jury that it did "not have to be unanimous as to which of the three theories. The jury does have to agree that the defendant is guilty of second degree murder beyond a reasonable doubt."

¶ 4 The jury convicted Valentini of second-degree murder, and the court sentenced him to an aggravated term of twenty-two years in prison.[2] Valentini timely appealed. This court has jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes (A.R.S.) sections 12–120.21(A)(1), 13–4031 and –4033(A)(1).[3]

## DISCUSSION

¶ 5 Valentini argues he was deprived of a unanimous verdict because the indictment "did not specify which act or conduct constituted the criminal charge," and neither the jury instructions nor the verdict form

required the jury to agree unanimously on whether he caused the victim's death intentionally, knowingly or recklessly. On appeal, this constitutional issue is reviewed de novo. *State v. Beasley*, 205 Ariz. 334, 336, ¶ 9, 70 P.3d 463, 465 (App.2003).

¶ 6 The Arizona Constitution guarantees a criminal defendant the right to a unanimous jury verdict. *See* Ariz. Const. art. 2, § 23.[4] The possibility of a non-unanimous verdict may exist when the indictment charges more than one offense within a single count. Such an indictment is commonly referred to as a duplicitous indictment. *State v. Whitney*, 159 Ariz. 476, 480, 768 P.2d 638, 642 (1989); *State v. Schroeder*, 167 Ariz. 47, 51, 804 P.2d 776, 780 (App.1990).

¶ 7 Under Arizona law, it has long been held that "first degree murder is only one crime regardless whether it occurs as a premeditated murder or a felony murder" and a defendant is not entitled to a unanimous verdict as to whether he is guilty of premeditated murder or felony murder. *State v. Encinas*, 132 Ariz. 493, 497, 647 P.2d 624, 628 (1982) (holding defendant was not denied unanimous verdict even though court did not give separate verdict forms for premeditated murder and felony murder); *State v. Schad*, 163 Ariz. 411, 417, 788 P.2d 1162, 1168 (1989) (quoting *Encinas*), *aff'd*, 501 U.S. 624, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991).[5] This principle is based is the propo-

proof of one of the following: One, the defendant intentionally caused the death of Jamie L[.]; or Two, the defendant caused the death of Jamie L[.] by conduct which the defendant knew would cause death or serious physical injury; or Three, under circumstances manifesting extreme indifference to human life, the defendant recklessly engaged in conduct that created a grave risk of death and thereby caused the death of Jamie L[.]. The risk must be such that disregarding it was a gross deviation from what a reasonable person in the defendant's situation should have done.
The instructions given elsewhere expressly defined intentionally, knowingly and recklessly.

2. Valentini also was charged with and found guilty of fraudulent schemes and artifices in violation of Arizona Revised Statutes section 13–2310 and sentenced to twenty years in prison, to be served consecutively to the sentence imposed on the murder conviction. On appeal, Valentini does not challenge the fraudulent schemes and artifices conviction or sentence.

3. Absent material revisions after the relevant dates, statutes cited refer to the current version unless otherwise indicated.

4. The right under the United States Constitution to a unanimous jury verdict in a criminal trial has not been extended to the states. *See McDonald v. City of Chicago*, 561 U.S. ——, ——, 130 S.Ct. 3020, 3035 n. 14, 177 L.Ed.2d 894 (2010).

5. In *Schad*, the United States Supreme Court declined to decide whether the United States Constitution requires "a unanimous jury in state capital cases, as distinct from those where lesser penalties are imposed," and instead framed the issue as whether Arizona had exceeded the limits imposed by due process on a state's definition of criminal conduct. 501 U.S. at 630–31, 111 S.Ct. 2491.

sition that, "[a]lthough a defendant is entitled to a unanimous jury verdict on whether the criminal act charged has been committed, the defendant is not entitled to a unanimous verdict on the precise manner in which the act was committed." *Encinas*, 132 Ariz. at 496, 647 P.2d at 627 (citation omitted).

¶ 8 As applicable here, a person commits second-degree murder if, without premeditation, the person does one of the following:

1. The person intentionally causes the death of another person ...; *or*

2. Knowing that the person's conduct will cause death or serious physical injury, the person causes the death of another person ...; *or*

3. Under circumstances manifesting extreme indifference to human life, the person recklessly engages in conduct that creates a grave risk of death and thereby causes the death of another person....

A.R.S. § 13–1104(A)(1)–(3) (emphasis added). A second-degree murder conviction is punishable in the same manner regardless of which of the three mental states applies. A.R.S. § 13–1104(C); *see also State v. Whittle*, 156 Ariz. 400, 404, 752 P.2d 489, 493 (App.1985) ("The three [ways to commit second-degree murder] are assigned an equal culpability value, inasmuch as each is rated as second-degree murder and each is punishable to the same extent."), *approved as modified on other grounds*, 156 Ariz. 405, 752 P.2d 494 (1988).

■ ¶ 9 In a different context, this court has held that second-degree murder is one offense, "committable in three different ways." *Whittle*, 156 Ariz. at 404, 752 P.2d at 493 (rejecting defendant's argument that reckless second-degree murder was not a lesser-included offense of first-degree premeditated murder). As noted in *Whittle*, second-degree murder is one offense regardless of the culpable mental state with which it is committed. *Id.* ("The legislature has classified [second-degree murder] as one offense which can be committed in three separate and distinct ways [depending upon the culpable mental state].... Although committable in three different ways, second-degree murder is one offense."). Thus, a defendant is not entitled to a unanimous verdict as to

whether second-degree murder was committed intentionally, knowingly or recklessly; it is only "[w]hen the elements of one offense materially differ from those of another" that two offenses defined in different subsections of the same statute constitute separate offenses, each requiring a unanimous verdict. *State v. Freeney*, 223 Ariz. 110, 113, ¶ 16, 219 P.3d 1039, 1042 (2009) (citing cases); *see also State v. Herrera*, 176 Ariz. 9, 15–16, 859 P.2d 119, 125–26 (1993) (upholding kidnapping conviction where jury instructions allowed guilty verdict without unanimity as to the kidnapper's purpose, which could include, among other things, the intent to inflict physical injury or intent to interfere with the performance of a governmental function).

¶ 10 Valentini argues that the three mental states for second-degree murder are analogous to the different ways of committing assault pursuant to A.R.S. § 13–1203, which courts have found constitute distinct and separate offenses. However, the different subsections of the assault statute prohibit different acts, causing different harms. *See State v. James*, 297 P.3d 182, ¶ 10 n. 4 (App.2013). In contrast to the assault statute, the statute defining second-degree murder prohibits a single act—causing the death of another person—while possessing one of three different mental states. A.R.S. § 13–1104(A)(1)–(3). In general, statutes that prohibit one act committed with different mental states are construed as defining a single offense. *See Herrera*, 176 Ariz. at 16, 859 P.2d at 126 (holding A.R.S. § 13–1304 defines one offense of kidnapping that might be committed with more than one purpose or intent; defendant was not denied unanimous jury verdict even though jurors might not have agreed on manner in which kidnapping was committed); *State v. Dixon*, 127 Ariz. 554, 561–62, 622 P.2d 501, 508–09 (App.1980) (similar for theft).

■ ¶ 11 The three mental states applicable for second-degree murder are simply alternate means of satisfying the *mens rea* element of the single crime of second-degree murder. A defendant accused of second-degree murder accordingly is entitled to a unanimous jury verdict only on whether the

required *mens rea* was shown beyond a reasonable doubt and not on which of the three relevant mental states the defendant possessed. The structure of the second-degree murder statute, and hypothesizing what a jury might find in returning a guilty verdict, further blunts Valentini's argument.

¶ 12 Under Arizona law, the mental state of recklessly is included in the mental state of knowingly and intentionally and the mental state of knowingly is included in intentionally. *See* A.R.S. § 13–202(C)· Thus, if the State proves a defendant acted intentionally, by definition, it has proved the defendant acted knowingly and recklessly. *Id.* As applied, given that the jury returned a guilty verdict, at a minimum, all jurors found that Valentini caused the death of the victim by recklessly engaging in conduct that created a grave risk of death, under circumstances manifesting extreme indifference to human life. *See* A.R.S. § 13–1104(A)(3). Assuming the best possible case for Valentini—that eleven jurors found he acted recklessly and one juror found he acted knowingly—all jurors found he acted at least recklessly in causing the victim's death.

¶ 13 For all of these reasons, second-degree murder defines a single offense that may be committed with any of three culpable mental states, and a jury need not agree unanimously on which of the three mental states the defendant possessed when causing the victim's death.

## CONCLUSION

¶ 14 The indictment was not duplicitous, and Valentini was not deprived of a unanimous jury verdict by the superior court's jury instructions or the form of verdict. Accordingly, Valentini's convictions and sentences are affirmed.

CONCURRING: MICHAEL J. BROWN and DIANE M. JOHNSEN, Judges.