
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ILANGOVAN GOVINDARAJAN, | No. 11-71533 |
| Petitioner, | Agency No. A075-650-897 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 3, 2015[**]
San Francisco, California

Before: NOONAN and CLIFTON, Circuit Judges and ADELMAN,[***] District
Judge.

Petitioner Ilangovan Govindarajan petitions for review of the decision of the

Board of Immigration Appeals that he is removable because his convictions for six

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Lynn S. Adelman, District Judge for the U.S. District
Court for the Eastern District of Wisconsin, sitting by designation.

counts of aggravated assault under Arizona Revised Statutes §§ 13-1203(A)(3) and 13-1204(A)(8)(e) were for crimes involving moral turpitude ("CIMTs") under 8 U.S.C. § 1227(a)(2)(A)(i)–(ii).  Because Govindarajan's convictions are not CIMTs, we grant the petition and remand.

The BIA concluded that Govindarajan's convictions were not categorically CIMTs, and we agree.  *See Ceron v. Holder*, 747 F.3d 773, 783 (9th Cir. 2014) (en banc); *Galeana-Mendoza v. Gonzales*, 465 F.3d 1054, 1060-62 (9th Cir. 2006). Applying the modified categorical approach, the BIA concluded that Govindarajan's convictions qualified as CIMTs.  A conviction under A.R.S. § 13-1203(A)(3) is not properly subject to review under the modified categorical approach, however, because that subsection of the statute is not divisible.  *See Rendon v. Holder*, 764 F.3d 1077, 1084-88 (9th Cir. 2014).

Arizona law indicates that the intent predicates in § 13-1203(A)(3) constitute only means of committing the crime of assault, not separate elements.  Arizona courts have held that "[i]n general, statutes that prohibit one act committed with different mental states are construed as defining a single offense[;]" therefore, a jury need not unanimously decide which subset mental state the defendant had while committing the crime.  *State v. Valentini*, 231 Ariz. 579, 582-83 (Ct. App. 2013), *see State v. Herrera*, 176 Ariz. 9, 16 (1993).  That analysis applies to

2

§ 13-1203(A)(3), which does not provide for separate offenses based on the level of intent that has been proven. Because a jury need not agree as to which intent predicate applies, the intent predicates are not elements, and § 13-1203(A)(3) is therefore indivisible. *Rendon*, 764 F.3d at 1086-88. Accordingly, Govindarajan's convictions cannot be treated as CIMTs.

We deny the government's motion to remand Govindarajan's case to the BIA. The BIA already addressed the issue of whether or not Govindarajan's convictions were categorically CIMTs, concluding that they were not. *See Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1133-34 (9th Cir. 2006). The determination of whether or not a state statute is divisible, warranting the application of the modified categorical approach, is an issue involving the interpretation of state law. The BIA has no expertise in interpreting state law, so remand is not necessary. *See Fernandez-Ruiz*, 466 F.3d at 1133-34; *Latu v. Mukasey*, 547 F.3d 1070, 1076 (9th Cir. 2008).[1]

**Petition GRANTED.**

---

[1] We also deny the government's request for additional time to submit a supplemental brief discussing *Rendon v. Holder*, 764 F.3d 1077 (9th Cir. 2014). The government was ordered to file such a brief and elected instead to file its motion to remand. We decline to provide a further opportunity.